ISAAC ABERCROMBIE *vs.* WILLIAM SHELDON & another.

A bond without surety, given by an executor and approved by the judge of probate, without notice to creditors, is not such a bond as the statutes of this commonwealth require and the statute of limitations against executors will not begin to run from the filing of such a bond.

In an action against an executor to recover a note of long standing, signed by his testator, payment of the note cannot be proved by evidence that it was the testator's habit to pay his debts promptly, or that another person had agreed to pay them for him, or that he made a list of his debts in which the note in question was not included.

CONTRACT against the executors of Seth Sheldon, upon a promissory note of $100, dated November 17th 1845, signed by him, attested by a witness, and payable to the plaintiff. The declaration alleged that Sheldon made the note in his lifetime, and that the defendants, as his executors, owe the plaintiff the amount thereof with interest. Writ dated January 24th 1864. The defence was payment and the statute of limitations.

At the trial in the superior court, before *Wilkinson,* J., it appeared that on the 5th of June 1860 the defendants were appointed executors and filed a bond without any surety, as stated in the opinion. The judge ruled that the action was not barred by the statute of limitations, and excluded certain evidence stated in the opinion, which was offered to prove payment. A verdict was accordingly returned for the plaintiff, and the defendants alleged exceptions.

*W. Griswold,* for the defendants. This bond was binding on the signers, though not executed in conformity to the statute; it was approved by the judge of probate; and was sufficient to allow the statute of limitations to begin to run. *Bank of Brighton* v. *Smith,* 5 Allen, 413. *Wendell* v. *Fleming,* 8 Gray,

Abercrombie *v.* Sheldon & another.

613. *Sweetser* v. *Hay*, 2 Gray, 49. *Baldwin* v. *Standish*, 7 Cush. 207. The bond should at least have this effect, unless it is made to appear that notice to creditors would have been of some advantage to them. The evidence which was excluded should have been admitted. 1 Greenl. Ev. §§ 108, 147, 153.

*D. Aiken*, for the plaintiff, cited Gen. Sts. *c.* 94, § 2; *c.* 97, § 5; *Emerson* v. *Thompson*, 16 Mass. 432; *Picquet, appellant*, 5 Pick. 76.

HOAR, J. This action is against executors upon a debt of their testator; and in defence to it they rely upon the limitation of actions against executors, contained in Gen. Sts. *c.* 97, § 5. In the first section of that chapter it is provided that " every executor and administrator, within three months after giving bond for the discharge of his trust, shall cause notice of his appointment " to be given in a manner therein prescribed. Section 5 is as follows : " No executor or administrator, after having given notice of his appointment, as provided in section one, shall be held to answer to the suit of any creditor of the deceased, unless it is commenced within two years from the time of his giving bond as aforesaid ; " with exceptions which are not now material.

The provisions for the executor's bond are contained in Gen. Sts. *c.* 93. Section 2 requires that " every executor, before entering upon the execution of his trust, shall give bond with sufficient surety or sureties in such sum as the judge of probate shall order." By section 5 this requirement is so far limited that " an executor shall be exempt from giving a surety or sureties on his bond, when the testator has ordered or requested such exemption, or that no bond should be taken, or when all the persons interested in the estate, who are of full age and legal capacity, other than creditors, certify to the court their consent thereto ; but not until all creditors of the estate, and the guardian of any minor interested therein, have been notified, and had opportunity to show cause against the same." The executors gave a bond, with a condition to pay all debts and legacies, but without any surety, which was approved by the judge of probate, upon the written consent of all the heirs and persons

interested, except creditors. No notice that such a bond was offered was given to creditors, or ordered by the judge of probate.

It is evident upon this statement of the law and the facts, that the executors have never given the bond for the discharge of their trust, which the law required, and that the judge of probate had no authority to accept or approve the bond which was given. The judge probably proceeded upon the suggestion and belief that there were no creditors; but this proves to have been a mistaken assumption.

The question then is, whether the bond which was given can be regarded as a bond having such validity that the statute of limitations would begin to run from the time it was filed and approved. No adjudged case has been cited or found in which the question has heretofore arisen. In the case of *Picquet, appellant*, 5 Pick. 69, the giving of a bond with surety is spoken of by Chief Justice Parker as " a condition precedent to the power of administration ; " and at the close of the opinion he says, that " probably the administration would be void if such bond were not given."

In *Baldwin* v. *Standish*, 7 Cush. 207, it was held that an executor's bond, approved by the judge of probate, in which the sureties were each bound in half the sum for which the principal was bound, was not void, but was binding on the obligors, and sufficient to give effect to the executor's appointment, and to render his acts as such valid, although this court would not sanction such a bond on appeal. But this was a bond with sureties, and came within the letter of the statute requirement, although irregular.

The case of *Bank of Brighton* v. *Smith*, 5 Allen, 413, was a suit by a bank on a bond given by their cashier for the faithful performance of his duties ; executed by the cashier as principal, in the penal sum of $20,000, with ten sureties in the sum of $2000 each. The statute required a cashier, before entering on the duties of his office, to give a bond with sureties in a sum not less than $20,000. This court decided that the bond was not in conformity with the statute, but was valid as an

Abercrombie *v.* Sheldon & another.

independent contract; and it was also said that the statute was directory merely. But the point there decided, and the large class of cases in which it has been held that bonds not taken in compliance with the provisions of law may yet be obligatory as contracts between the parties, rest upon a very different principle from that which must determine the case at bar. Here the executors seek to claim an exemption from responsibility, depending upon a limitation which is to begin from the time of filing their official bond; and against a creditor, for whose security that bond was intended. He cannot be bound by the act of the judge of probate in accepting and approving the substituted bond, because he had no notice, and was not a party to the transaction.

Without deciding, therefore, that the appointment of the executors and their acts in the settlement of the estate are a nullity, or without legal force and effect in any other respect or in relation to any other parties in interest, we cannot avoid the conclusion that a creditor who has not had the notice which the statute expressly directs is not bound in any manner, nor his rights affected, by the giving of the bond without sureties. He may justly urge that the defendants have not given the bond for the discharge of their trust, which the law directs; and upon which the limitation of his right of action depends.

The rulings upon evidence at the trial seem to have been clearly right. Neither the habit of the testator to pay his debts promptly, nor his agreement with another person to pay them for him, nor his making a list of his debts in which that which the plaintiff alleges to be due was not included, has any legal tendency to prove that the plaintiff has been paid.

No question has been raised or considered as to the form of declaration. *Exceptions overruled.*