| 81 | 489 |
|----|-----|
| 96 | 616 |

CASE 77—MOTION—DECEMBER 18, 1883.

## Louisville & Nashville R. R. Co. v. Turner.

### APPEAL FROM EDMONSON CIRCUIT COURT.

1. Appellant was given until the third day of the succeeding term to file a bill of exceptions. He failed to do it. On the *fourth* day of the succeeding term an order was made giving until the eighth day to file it, and, after another extension, it was filed.

2. The appellant should have filed his bill of exceptions *on or before* the *third* day of the succeeding term.

3. The court will not consider the bill of exceptions as any part of the record.

UPON MOTION TO STRIKE OUT BILL OF EXCEPTIONS FROM THE RECORD.

RODES & SETTLE AND C. W. HINES FOR APPELLEE.

1. The record does not show that the bill of exceptions was filed on or before the third day of the succeeding term.

2. The court had no power to further extend the time for filing it after having once extended it.

### AGAINST THE MOTION.

PORTER & PORTER AND W. LINDSAY FOR APPELLANT.

We file the affidavit of Jno. M. Porter showing that the extensions were made with the express consent of the leading counsel for appellee; that he was actually instrumental in having the order of extension made.

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

The appellant was given time until the *third* day of the term succeeding that in which the verdict and judgment were rendered, to prepare, present and file a bill of exceptions.

No notice was taken of the subject, or order made or asked for, extending the time to present and file the bill of exceptions until after the expiration of the third day of the term mentioned.

On the *fourth* day of the term an order was made extending the time until the eighth day of the term to prepare and file the bill, and, after another extension, it was offered and filed. The appellee moved to strike the bill of exceptions from the record, on the ground that it is not legally a part of the record, and the counsel for appellant filed an affidavit stating that appellee's leading counsel consented to the extension, and agreed to have the orders made for that purpose ; but the latter specifically denies the agreement, leaving this controverted fact in equipoise, and illustrating the danger to the security to the rights of the successful party which would follow a consideration by this court of anything but what is shown by the record on such a question.

The consideration by us of ulterior facts shown by conflicting affidavits would be usurping original jurisdiction which belongs to the circuit courts, upon proper presenta-

Louisville & Nashville R. R. Co. v. Turner.

tion of the question to be determined by them. If there was any fraud practiced in this case which mislead appellant's counsel, and prevented them from asking the extension on or before the third day of the term, it must be tried by another tribunal before we can look into it as an appellate court.

The condition of the record must be proved by itself in cases like this, and its verity will not be allowed to be questioned *and* tried in this court. There is a plain and explicit remedy, belonging to another jurisdiction, to correct erroneous or false records, and the practice in this court in such cases is well marked by authority, and can not be varied in this instance.

Uncertainty and confusion would result from the trial in this court of questions whether any order or proceeding in the lower court was made, or took place at a different time or manner than is exhibited by the record, or whether any right has been waived by one party or conceded to another by the occurrence of any fact which could form the basis of an original inquiry *dehors* the record before us. We are therefore constrained, in accordance with the cases of Freeman v. Brenham, &c. (17 B. Mon., 609), Meadows v. Campbell (1 Bush, 104), Smith v. Blakeman (8 Bush, 479), and subsequent cases in this country, to hold that the bill of exceptions purporting to be a part of the record is not a part of it, and the motion to strike it from the record must prevail.

As none of the evidence or instructions, in the absence of the bill of exceptions containing them, are before the court, and the pleadings are sufficient to uphold the verdict and judgment, the latter must be affirmed.