Parker v. Parker.

| 52 | 333 |
| 81 | 399 |

## Matthew Parker, Admr., use, etc., v. Cornelia Parker.

1. HUSBAND AND WIFE—*Earnings of the Wife.*—The right to receive and recover moneys due from boarders and lodgers in the family, is in the husband. The wife has no legal demand therefor, though her personal services and labor as housekeeper contributed to the creation of the indebtedness due for such boarding and lodging; but the wife may, if her husband be willing, receive boarders into the family, and contract to board and lodge them in the household for a compensation to be paid to her, and may sue for and recover such compensation.

2. PAYMENT—*Evidence in Aid of the Presumptions Arising from Lapse of Time—Defendant's Habits.*—Proof that a defendant was in the habit of making prompt and punctual payment of demands against him is only admissible in aid of a presumption of payment arising from lapse of time.

3. PAYMENT—*Presumptions of—When They Arise.*—A presumption of payment does not arise from mere lapse of time, in the absence of any other proof tending to show payment, when an acknowledgment or ad-

mission of the existence of the debt within the statutory period of limitation is established by uncontradicted testimony, or if it does arise, it is fully rebutted by such proof.

4. DRUNKENNESS—*Expert Testimony.*—Any one may express an opinion as to whether another was intoxicated.

**Memorandum.**—Error to the Circuit Court of DeWitt County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the May term, 1893, and affirmed.

The opinion states the case.

BRIEF FOR PLAINTIFF IN ERROR, R. A. LEMON AND WM. MONSON, ATTORNEYS.

The married woman's statute of 1861, did not authorize her to recover even for her personal services; and by an amendment in 1869, she was authorized to contract, sue for, and recover in her own name, compensation for her personal services; but by no statute or previous holding of a court has she ever been authorized to sue for and recover in her own name, the capital, property, or other clearly defined legal rights of her husband.   Flynn v. Gardiner, 3 Brad. 253. Cunningham v. Hanney, 12 Brad. 437; Stout v. Ellison, 15 Brad. 222.

BRIEF FOR DEFENDANT IN ERROR, MOORE & WARNER, ATTORNEYS.

A married woman, although living with her husband, who supplies the provisions for the household, may, with the consent of her husband, board in their family, and furnish care and perform services for a boarder, and sue for and recover compensation therefor in her own name, and no one, other than her husband, can be heard to urge an objection to her so doing.   Bedford v. Bedford, Adm., 32 App. 460; Avery, Adm., v. Moore, 34 App. 115; Casner v. Preston, 109 Ill. 531.

There can be no presumption of payment of a debt from lapse of time so long as the time of limitation provided by statute for the case has not run against it.   Aultman & Co. v. Connor, 25 App. 654–7; Locke v. Caldwell, 91 Ill. 417;

Bonnell v. Wilder, 67 Ill. 327; Howard v. Bennett, 72 Ill. 297; Trude, Adm., v. Meyer, 82 Ill. 535.

Mr. Presiding Justice Boggs delivered the opinion of the Court.

The defendant in error, who is the wife of Matthew Parker, filed in the Circuit Court of DeWitt County a claim against the estate of Joseph Parker, deceased, for boarding the deceased and for labor and services and personal attention rendered him from March 15, 1886, to December 1, 1889. The case came by appeal to the Circuit Court, where, upon a hearing before a jury, a judgment was rendered for the claimant in the sum of $675. Certain of the heirs of the deceased, who in their right, as heirs, appeared as parties defendant in the name of the administrator in the Circuit Court, prosecute this writ of error to obtain a reversal of the judgment. It appears from the evidence that while the claimant or defendant in error and her husband were living together as husband and wife, he furnishing the supplies for and defraying all expenses of the household, and she performing the ordinary duties of a wife and housekeeper, the deceased boarded with them and received the care and services of the defendant in error, for which the judgment was rendered. The basis of the claim is the reasonable value of such boarding, care and services. We do not understand that it is seriously contended that the evidence is insufficient to sustain the claim so far as the amount allowed is concerned, but the chief contention is that the presumption of law, where the husband and wife live together and he provides all things necessary for the household and table and bears the expenses of those maintained and lodged therein, and the wife devotes her time and labor to household duties, cooking for and attending upon persons living in the family, is that the husband is entitled to receive the profits derived from boarders, and that sums owed for boarding and lodging are due to him, not to the wife. For that reason, it is urged, this claim can not be supported in the right of the wife. The general rule is, that the right to

receive and recover moneys due, under such circumstances, from boarders, is in the husband, and that the wife has no legal demand therefor, though her personal services and labor as housekeeper contributed to the creation of the indebtedness due for such boarding and lodging.   There is, however, in our State at least, a well recognized exception to the rule, and that is, that the wife may, if her husband be willing, receive boarders into the family, and contract to board and lodge them in the household for a compensation to be paid to her, and may sue for and recover such compensation.   Casner v. Preston, 109 Ill. 531.   In the case cited it is said that "whatever may be the duty of the wife in case the husband objects, it is certainly true that no one else can enter such an objection but the husband, and that if it does not appear that he objected, it is to be inferred that he consented thereto."   Perhaps this expression should be limited in its application to cases where the defendant is the party owing the indebtedness to the wife.   In the case at bar it is satisfactorily shown that the husband was willing, and consented that the deceased, who was his brother, should have a home and be supported at his table and lodged in his house for a compensation to be paid to his wife.   The deceased understood that his liability was to her.   His declarations and admissions repeated to a number of witnesses, whose testimony is entirely uncontradicted, abundantly established that fact.   He repeatedly asserted that he was to pay the wife, not the husband, and his representatives can not now be allowed to urge that payment to her should be refused, because the marital rights of the husband are thereby infringed.   This is a personal right to be exercised by the husband alone so far as they are concerned.

The only evidence presented in behalf of the defendant in error was the testimony of two witnesses.   One of them testified only to facts tending to show that the husband of the claimant bought and paid for the groceries and provisions used in the family.   The other gave no testimony except to state that he was and had for some time been a justice of the peace in the township which was the home

Parker v. Parker.

of the deceased man. This witness was asked if the deceased was ever sued, to his knowledge, to which question an objection was sustained by the court. He was then asked to state, if he knew, what was the habit of the deceased in reference to remaining in debt, his habit of settling obligations. The court sustained an objection to these questions also. These rulings of the court are assigned for error. The objection to the first question was properly sustained. There is authority for admitting proof that a defendant was in the habit of making prompt and punctual payment of demands against him, but such evidence is only admissible in aid of a presumption of payment arising from lapse of time. In this case there is a total absence of any character of proof of payment, or of any fact or circumstance tending to prove payment. The existence of the indebtedness was proven by the acknowledgment and admission of the deceased, made within less than a year before his death, and after all the services sought to be recovered for had been rendered. These acknowledgments and admissions were established by the testimony of eight witnesses, and were wholly uncontradicted and unquestioned. We think no presumption of payment arose in the case to be aided by the proof that was offered. It has been held that a presumption of payment does not arise from mere lapse of time, in the absence of any other proof tending to show payment, when an acknowledgment or admission of the existence of the debt within the statutory period of limitation is established by uncontradicted testimony, or that if it does arise it is fully rebutted by such proof. Arline v. Miller, 22 Ga. 330; Updike v. Lane, 78 Va. 132; Lyon v. Adde, 63 Barb. (N. Y.) 89. It is at all events perfectly clear that the presumption, even if aided by the excluded proof, ought not to have prevailed against the case made by the claimant. In the course of his testimony, one A. J. Brown, when speaking of the condition of the deceased at a certain time, when the witness saw him at the house of the husband, was allowed, over the objection of the plaintiff in error, to say that he thought the deceased was drunk. The objection to

this· action of the court is not that the condition of the deceased was immaterial, for the additional attention required to be given to the deceased when in that condition, was an element of the claimant's case; but the objection is that the witness was allowed to state not what he knew but what he thought. We understand that any one may express an opinion as to whether another was in a state of intoxication. Demick v. Down, 82 Ill. 570. The statement of the witness was but the expression of such an opinion. The verdict and the judgment of the court is right upon the merits, and there is no substantial error in the record demanding its reversal. It is therefore affirmed.