## FLETCHER vs DULANEY.

### Opinion delivered January 8, 1898.

1. *Pleading—Indefiniteness—How Corrected.*

   The proper remedy to cure indefiniteness and uncertainty in pleading is by motion and not by demurrer.

2. *Peremptory Instruction.*

   Evidence having been given tending to show a full payment of the notes sued upon, a peremptory instruction for plaintiff was properly refused.

*3.  Instruction—When Not Error to Refuse.*

    It is not error to refuse an instruction when the court's general charge embodies the same principles as those in the instruction in question.

*4.  Evidence—Custom—Error.*

    It is not competent to permit evidence to be given of the custom which defendants had observed in reference to their other creditors, and the admission of such evidence was prejudicial error.

Appeal from the United States court for the Southern district.

C. B. KILGORE, Judge.

Suit by John S. Fletcher upon promissory note against H. N. Dulaney and an other. Judgment for defendant. Plaintiff appeals. Reversed.

This it a suit brought by appellant (plaintiff below) against appellees (defendants below) upon certain promissory notes executed by defendants, and fully described in plaintiff's amended complaint, it being alleged that the plaintiff is the owner and holder of said notes. Defendants demurred to plaintiff's complaint, and, their demurrer being overruled, answered, admitting the execution of the notes sued upon, by pleas of payment, and a plea of the statute of limitations as to two of the notes. To this answer plaintiff filed general and special demurrers, which demurrers (after agreement of counsel that said amended answer should be considered as further amended by the addition of an allegation that defendants kept no book of accounts, either of goods received or payments made to Cleaves & Fletcher, but depended entirely upon the bookkeeping of said Cleaves & Fletcher for payments made, and that said receipts had been lost or destroyed, and they could not plead such pay-

ments with any more certainty for such reasons) were over-
ruled, to which ruling plaintiff duly excepted; whereupon it
was agreed by counsel that plaintiff denied all new and af-
firmative matter in defendants' said amended answer, and
the parties went to trial. The court held the burden of
proof to be upon the defendants, and gave them the opening
and the closing both in the introduction of testimony and
the argument. The substance of the testimony is set out in
the bill of exceptions. After the introduction of testimony,
plaintiff requested two special charges, each of which was
refused by the court. To each refusal plaintiff excepted.
The jury then, after hearing the charge of the court and the
argument, returned a verdict for defendants. This was on
April 17th, and on the 20th plaintiff filed a motion for a new
trial, and on the 22nd his amended motion for a new
trial, which motion was overruled by the court, exceptions
saved, petition for appeal granted, and, by order of the
court, plaintiff was given 60 days in which to prepare and
file his bill of exceptions.

*A. Eddleman*, for appellant.

*W. B. Johnson* and *A. C.* and *Lee Cruce*, for appellees.

SPRINGER, C. J. (after stating the facts). The ap-
pellant submits six assignments of error in this case, as fol-
lows: "First, the court erred in overruling plaintiff's gen-
eral demurrer to defendants' answer; second, the court erred
in overruling plaintiff's special demurrers to defendants'
amended answer; third, the court erred in refusing plain-
tiff's first requested instruction; fourth, the court erred in
refusing plaintiff's second requested instruction; fifth, the
court erred in admitting, over plaintiff's objection, the testi-
mony of the witnesses Tom Williams, W. H. Brady, Whit
Hyden, and Dr. A. J. Wolverton, as to defendants' charac-
ter for promptness in paying their debts; sixth, the court

erred in overruling plaintiff's amended motion for a new trial."

The general and special demurrers referred to in the first and second assignments of error were properly overruled. Some of the allegations in the answer might have been stricken out as surplusage, and plaintiff might have moved the court to require the defendants to make their allegations more definite and certain, but demurrer was not the proper remedy to cure such defects.

*Surplusage. Motion to*

The first instruction that the plaintiff requested the court to give the jury was that the jury should find for the plaintiff the amount sued for. This instruction was properly refused, there having been evidence submitted to the jury tending to show full payment of the notes sued upon.

*Instruction. Properly refused.*

The fourth assignment of error is based upon the refusal of the court to submit to the jury plaintiff's second requested instruction .ch is as follows: "Gentlemen of the Jury: The only question for you to determine in this cause is whether the defendants are entitled to any credit upon the notes sued on, not allowed and credited thereon by the plaintiff; and the ⁻ᵗ propounds to you this query: 'Did the defendants, or either of them, or any one upon their behalf, ever make any payment of money or property not allowed by plaintiff, and credited upon said notes?' If you answer this question in the negative, you need go no further; but, if you should answer the same in the affirmative, you will then find the dates and amounts of such payments." It was not error to refuse this instruction, in view of the general charge given to the jury by the court. It might, however, have been error to have refused it had the court not given an instruction embodying substantially the same principle. This instruction, in view of all the facts of the case, is too restricted in its directions. It was contended on the part of the defendants that they had more than paid the

*Not error to refuse special instruction embodied in court's general charge.*

amounts due upon the notes, and were entitled to judgment
for the amount of excessive payments.   The instruction re-
quested also required the jury to find "the dates and amounts
of such payments."   It was in evidence in the case that  the
only books in which the payments were entered  were  kept
by the plaintiff, and that he had adopted  the  double  entry
system of bookkeeping.   The evidence  disclosed  the  fact
that the defendants were unable to fix the dates and amounts
of their repective payments.   If the jury had believed, how-
ever, from all the evidence in the case,  that  the  notes  had
been paid in full, the defendants would have been entitled to
a judgment in their favor, notwithstanding they  might  not
have been able to show  the  exact  dates  and  the  exact
amount of each payment.   It was not error, therefore. to re-
fuse the instruction which was requested, in view of the evi-
dence in the case.   No exceptions were taken to the court's
general charge to the jury in the case,  and  it  is  therefore
conceded that such charge was correct.

The fifth assignment of error is to the effect  that  the
court erred in admitting, over plaintiff's objection, the testi-
mony of the witnesses Tom  Williams,  W.  H.  Brady,  Whit
Hyden, and Dr. A. J. Wolverton as to defendants' character
for promptness in paying their debts.   In  order  to  under-
stand fully this contention, it will be  necessary  to  refer  to
the testimony of the witness indicated.   Thomas  Williams,
a witness called by defendants in rebuttal,  testified,  among
other things, as follows: "Q. What was the custom of Dula-
ney Bros., with reference to payment of their bills? A.  Were
prompt."   The witness had already testified to the fact that
he had for three or four years been  accustomed  to  dealing
with the defendants in a business  way.   W.  H.  Brady,  a
witness called by defendants in  rebuttal,  testified,  among
other things, as follows: "Q. Did you ever have  any  deal-
ings with Dulaney Bros.?   A.  Yes  sir.   Q.  What  custom
did they observe in the payment of  their  bills?   A.  Very

prompt. Q. For how long a time did you have dealings with them? A. At Ardmore, and for the last several years. When I had an account against them, they either came in and paid it, or I didn't have to wait long for it." Whit Hyden, a witness called by defendants in rebuttal, testified, among other things as follows: "Q. Did you ever have any dealings with Dulaney Bros.? A. Yes, sir. Q. For how long a time? A. I have sold them goods off and on up to 8 years ago. Sold William Dulaney quite a bill of goods about 8 years ago. Q. What custom did they observe as to the payment of their bills? A. Very prompt. I don't think I ever had to dun them. I don't believe I did. Q. Did they always pay their bills. A. Yes, sir. I think they did. Q. Paid everything they owed? A. Yes, sir; paid all off as far as I know." Dr. A. J. Wolverton, a witness called by the defendants in rebuttal, testified among other things, as follows: "Q. Did you ever have any dealings with Dulaney Bros.? A. Yes, sir; they had an account with me. Q. What custom did they observe in settling their bills and drafts? A. Very prompt."

The questions put to each of these witnesses, and their answers thereto, were severally objected to by the plaintiff, as immaterial, and as not tending to show payment. The objections were overruled by the court, and the testimony was permitted to go to the jury. It is unnecessary to submit authorities to support the proposition that the testimony above set forth was incompetent, and prejudicial to the rights of the plaintiff. In the case at bar, the plaintiff sued the defendants on certain promissory notes. Defendants submitted pleas of payment. The burden of proof was upon them to establish payment of the notes in whole or in part. The plaintiff submitted his mercantile books showing credits for all payments made by defendants in money or property. The books were kept by a book-keeper, and clearly showed a balance due on the notes as

claimed by plaintiff.   Defendants, were unable to specify payment of property or money other than those set forth in plaintiff's books.   The effort, therefore, to prove payment by the custom which the defendants had observed in reference to their other creditors, was utterly incompetent, and the testimony should not have been permitted to go to the jury.   The consideration of this incompetent testimony by the jury, and the comments made by counsel in reference to the methods of keeping books practiced by the plaintiff, are cited by counsel for plaintiff as the only explanation which could be given for the verdict for the defendants in this case   We are of the opinion that the testimony was incompetent, and prejudicial to the plaintiff's rights, and its admission was reversible error.   The judgment of the court below is reversed, and the case remanded.

*Evidence of custom of payment incompetent.*

CLAYTON, THOMAS, and TOWNSEND, JJ., concur.