### George Brown, Adm'r, v. Elizabeth Walker.

1. MARRIED WOMEN—*Right of the Wife to Recover for Board Furnished, etc.*—A wife can not recover for board furnished to one living in the family of which her husband was the head, in the absence of any evidence of a contract therefor by the wife, with the consent of her husband.

2. SAME—*Wife's Earnings—Boarders.*—The general rule is that the right to receive and recover moneys due from boarders, is in the husband, and that the wife has no legal demand therefor, though her personal services and labor as housekeeper contributed to the creation of the indebtedness due for such board and lodging.

Claim in Probate.—Trial in the Circuit Court of DeKalb County, on appeal from the County Court; the Hon. GEORGE W. BROWN, Judge, presiding. Verdict and judgment for claimant; appeal by defendant. Heard in this court at the December term, 1898. Reversed and remanded. Opinion filed April 11, 1899.

J. B. STEPHENS, attorney for appellant.

The right to receive and recover moneys due from boarders and lodgers in the family is in the husband. Parker v. Parker, 52 Ill. App. 333; Flynn v. Gardner, 3 Ill.

App. 253; Cunningham v. Hanney, 12 Ill. App. 437; Stout
v. Ellison, 15 Ill. App. 222.

While the wife may recover in her own right for keep-
ing boarders in husband's family, she can only do so upon
proof that her husband has consented to her doing so, and
such boarders know of such consent and have agreed to
pay her therefor. Mason v. Dunbar, 43 Mich. 407; Parker
v. Parker, 52 Ill. App. 333; Switzer v. Kee, 48 Ill. App.
375; Same v. Same, 146 Ill. 577; Barnes v. Moore, 86 Mich.
585.

The common law rule is that a wife's earnings belong to
the husband while they are living together as man and wife,
and such earnings are subject to the husband's debts, and
this rule is only abrogated by the consent of the husband
coupled with an agreement with the debtor to pay the
wife. Mason v. Dunbar, 43 Mich. 407; Parker v. Parker,
52 Ill. App. 330.

A wife can not recover for board furnished except upon
proof that her husband did not furnish such board. Stamp
v. Franklin, 35 N. Y. (S. R.) 828; 12 N. Y. Sup. 391.

The presumption of law being that the husband is the
head of the family, the wife may make contracts and settle-
ments with boarders and collect the pay therefor, and yet
all this would not prove any separate property in the wife
for which she could maintain an action in her own name.
Flynn v. Gardner, 3 Ill. App. 254; Rice v. Sayles, 23 Ill.
App. 189; Parker v. Parker, 52 Ill. App. 333.

The presumption of law is that if the husband and wife
are living together, the husband is the head of the family;
that the expenses are borne by him, and that he is entitled
to recover the profits of boarders kept in the family, and
that his wife, in making boarding contracts and settling
same with boarders, and receiving money therefor, acts
only as the agent of her husband. Flynn v. Gardner, 3 Ill.
App. 254.

JONES & ROGERS, attorneys for appellee, contended that
where a wife renders valuable services to a third party, he

can not defeat a claim for compensation on the ground that she is a married woman, owing all her time to her husband and family. Such an objection can come only from the husband. Bedford v. Bedford, 32 Ill. App. 455; Avery, Adm'r, v. Moore, 34 Ill. App. 115.

Mr. Justice Crabtree delivered the opinion of the court.

Appellee filed a claim in the County Court of DeKalb County, against the estate of Jess A. Peterson, deceased, of which appellant was administrator. The items of the claim were board and washing alleged to have been furnished to deceased by appellee. The claim was allowed in the County Court, and the administrator appealed to the Circuit Court, and upon a retrial of the cause appellee obtained a verdict, but such verdict was set aside by the court and a new trial granted. The cause having been again tried, appellee had a verdict for $108.33, upon which the court entered judgment after overruling a motion for a new trial, and the administrator prosecutes this appeal.

Various errors are assigned, but the only question we deem it necessary to consider is, whether a wife can recover for board furnished to one living in the family of which her husband was the head, in the absence of any evidence of a contract therefor by the wife, with the consent of the husband.

It appears from the evidence that deceased was a single man and boarded in the family of James Walker, the husband of appellee, and that the husband and wife were living together upon a farm rented by the husband. That appellee did washing for deceased during a part of the years 1890 and 1891. That deceased held a promissory note against James Walker, the husband, for $81, upon which a payment of $31 was indorsed as interest. The administrator still holds the note against the husband unpaid as to the balance due.

There is no evidence of any contract between the parties as to the board and washing, nor is there any proof the wife furnished the board with the consent of the husband. The

husband was, so far as the evidence shows, the head of the family, furnishing supplies for its support and maintenance. If the right of action is held to be in the husband, the administrator would have the right to set off as against the claim for board, whatever may be due on the note, but on the other hand, if the wife is permitted to recover the claim filed by her, no right of set-off exists. In the case of Parker v. Parker, 52 Ill. App. 333, it was said:

" The general rule is that the right to receive and recover moneys due * * * from boarders, is in the husband, and that the wife has no legal demand therefor, though her personal services and labor as housekeeper contributed to the creation of the indebtedness due for such board and lodging."

We entirely concur in this view, and nothing appearing to bring this case within any exception to the general rule, we hold the wife, the appellee here, has not shown a right to recover for the items of board in the claim filed by her. It is true a recovery for board on the part of the wife, was upheld in the Parker case, *supra*, because the court said it was satisfactorily shown that the husband was willing, and consented that the deceased, who was his brother, should have a home and be supported at his table, and lodged in his house for a compensation to be paid to the wife. Also that the deceased understood that his obligation was to the wife and not to the husband, and repeatedly asserted that he was to pay the wife and not the husband. These facts clearly excepted the case from the general rule above stated. No such evidence appears in the case at bar, and hence the general rule must be applied.

If it be conceded the wife may recover for the items of washing, which was done by her own labor, these items only amount to $24, and hence the verdict and judgment for $108.33 can not be sustained.

The judgment will be reversed and the cause remanded.