EUGENE B. COULTER v. JOHN W. GOULDING.[1]

May 11, 1906.

Nos. 14,694—(42).

**Competent Evidence.**

The issue being whether payment for certain services had been made, evidence of the financial standing and ability of the party to make payment, as bearing upon the credibility of the claimant, a witness, may or may not be competent, according to the circumstances of the case. *Held,* that it was not error in this instance to refuse to receive evidence of that character.

**Remarks of Court.**

Certain remarks of the court, with reference to the materiality of a deposition, *held* not to have been prejudicial; it not appearing that the same were made in the hearing of the jury.

Appeal by defendant from an order of the district court for Mille Lacs county, Searle, J., denying a motion for a new trial, after a trial and verdict in favor of plaintiff for $2,900. Affirmed.

*Chas. A. Dickey* and *C. D. Austin,* for appellant.
*Charles Keith* and *E. L. McMillan,* for respondent.

LEWIS, J.

Mrs. Olive R. Barker died intestate in Denver, Colorado, in 1903, and respondent was appointed administrator of the estate in Colorado, and in that capacity came into possession of all her private papers and effects. J. W. Goulding was thereafter appointed administrator of her estate in Minnesota. Respondent presented to the probate court of Mille Lacs county, in this state, a claim against the estate amounting

[1]Reported in 107 N. W. 823.

to $3,963.50, for room rent, board, laundry, and nursing, covering a period of about six years. The probate court allowed only a portion of the bill, and respondent appealed to the district court, pleadings were framed, and the case came on for trial, resulting in a verdict of $2,900 for respondent.

1. As to those errors which have reference to respondent's knowledge of money received by Mrs. Barker, they are not available, for the reason that the subject was partially covered by evidence not objected to, and, further, all objections made to that class of testimony were later withdrawn by appellant.

2. The line of evidence objected to, viz., the receipt by Mrs. Barker of sums of money from time to time, her general expenses in Colorado, and her financial standing and business habits, were within the reasonable discretion of the trial court. It is asserted, on the part of appellant, that the probabilities of payment or settlement by Mrs. Barker were proper evidence to be considered by the jury in connection with the testimony of respondent. If, it is argued, Mrs. Barker was a woman of means, and it was her custom to meet her obligations promptly, then such facts would have bearing upon the credibility of respondent's testimony, who claimed that no part of his bill against Mrs. Barker had been paid during the whole period of her residence with him. The argument is not without force, especially in view of the fact that the evidence tends to establish that respondent was not financially well off during the time and was in need of available money, if it was owing to him by Mrs. Barker, and the further fact that, during the entire period of six years, respondent made no demand on Mrs. Barker for settlement, or money, never presented any bill or claim, and never received anything whatever for the services rendered.

The trial court took the view that evidence as to the financial standing and business habits of Mrs. Barker was too remote to throw any light upon the issue before the court, and, in such a case, it must be left largely to the discretion of the trial court. No definite or precise rule can be laid down as to how far the court would be justified in going in receiving evidence along these lines, and notwithstanding the peculiar conditions which existed, and the inability of the defense, from the nature of the circumstances, to otherwise prove what were the

real facts, we are of the opinion that the trial judge did not abuse his discretion in declining to go into that line of evidence.

3. While a deposition was read, and the cross-examination being reached, the following proceedings took place:

> The Court: There is nothing in the deposition so far that is material. There can't be anything in the cross-examination, probably. Defendant excepts to the language of the court.
>
> Mr. Stiles: Defendant excepts to the language of the court as to the testimony offered and received in evidence.
>
> The Court: I want nothing taken down that is said in a whisper to the stenographer.
>
> Mr. Stiles: Counsel asks that an exception be now noted to the language of the court.
>
> The Court: I want nothing taken down but what is stated in open court.
>
> Mr. Stiles: Defendant excepts to the statement of the court that there is nothing in the evidence last received and read because the same has been received without objection or exception.

The remarks of the court are assigned as error. Granting that some parts of the deposition were material, and that the court was in error in ruling upon the evidence without an objection, and that the remarks to the effect that the evidence was immaterial might have been prejudicial had they been delivered in the hearing of the jury, it does not appear that what was said was understood by the jury or was prejudicial.

While the verdict seems large, we cannot say that it is excessive. There was evidence to the effect that Mrs. Barker was afflicted with consumption; that she occupied two rooms in respondent's home for about six years; that she boarded with the family for about five years; and that, during a large portion of that time, the respondent's wife rendered her a great deal of care and attention; and that it was the mutual understanding of the parties that respondent and his wife would be compensated for such services. If no settlement or payment was ever made by Mrs. Barker during her lifetime, the amount returned by the jury was not out of proportion.

Order affirmed.