## IN RE ESTATE OF JOHN WATERMAN, SR.
## HARMKA MILLER, APPELLANT.[1]

June 28, 1929.

No. 27,358.

[1]Reported in 225 N. W. 918.

*Cashel & Brecht,* for claimant-appellant.

*Canfield & Michael* and *B. O. Stordahl,* for respondent-administrator.

HILTON, J.

Appeal by Harmka Miller from an order denying an alternative motion for judgment notwithstanding the verdict or for a new trial.

John Waterman, Jr., administrator of the estate of. John Waterman, Sr. (his father), appealed to the district court from an order of the probate court of Nobles county allowing a claim of Harmka Miller (hereinafter referred to as claimant) against said estate in the sum of $858.55. A complaint, answer and reply were interposed, and the case was tried to a jury which found a verdict in favor of the administrator. The complaint of claimant alleged that the estate referred to was indebted to her for board, room and washing furnished to Waterman, Sr. from September 5, 1923, to February 19, 1926, for which he agreed to pay $7.50 per week, and that no part thereof had been paid except the sum of $191. The answer, in addition to a general denial, admitted the furnishing of sleeping room, bed and lodging for Waterman, Sr. for a length of time unknown and alleged a full payment thereof by said Waterman, Sr. prior to his death. The reply denied the payment asserted in the answer. The case was tried on the issues thus raised by the pleadings. The court in its charge to the jury, with apparent acquiescence of opposing counsel, stated that claimant would be entitled to recover $770 and interest, or nothing at all. The issue was thus limited to the question of payment, the burden of proving which devolved on the administrator. Under the circumstances the de-

fense was only provable by circumstantial evidence, as there were no witnesses to payments of any consequence here. The charge of the court was fair and impartial and properly presented the law of the case; no exceptions were taken to it and no errors assigned thereon on the motion for a new trial.

The errors here assigned for our consideration have to do with (1) the admission of certain evidence; (2) the alleged misconduct of attorney for the administrator; and (3) the sufficiency of the evidence to sustain the verdict.

Waterman, Sr., aged 83, was under guardianship for more than six months prior to his death. Evidence was admitted over objection showing that claimant never presented any claim to or attempted to secure payment from the guardian. Claimant had testified that she had continually been dunning Waterman, Sr. for payment. She was in need of money. Her failure to make any demand upon the guardian, who had ample means in his possession belonging to his ward, was a circumstance inconsistent with the validity of the claim asserted after Waterman's death. In a situation such as was presented by this case, the evidence was properly admitted. It was a matter for the consideration of the jury.

The evidence disclosed that Waterman, Sr. was a man of means, had large deposits in the local banks and a considerable amount of liberty bonds; that he carried checking accounts at the banks, and at different times while at claimant's home and other places was seen with considerable cash on his person. The improbability that under such and other circumstances appearing in this case either Waterman, Sr. or claimant would allow the bill to run behind about two years was a matter properly to be considered by the jury. Under the authority of Coulter v. Goulding, 98 Minn. 68, 107 N. W. 823, 8 Ann. Cas. 778, the admission of the evidence above referred to was within the discretion of the trial court, and there was no abuse thereof. Under that authority, the business habits of Waterman, Sr. as to prompt payment of his bills in cash might have been shown.

The assignment as to misconduct of attorney for the administrator presents no reversible error nor do any of the other assignments,

all of which we have carefully considered.  From a careful examination of the record, we find and hold that the jury was justified in reaching the conclusion that it did; the evidence sufficiently sustained it.  The verdict, which had the approval of the trial court, must stand.

Order affirmed.

