## Stidham et al. v. O'Neals' Adm'r.

(Decided November 4, 1932.)

J. L. STIDHAM, T. T. COPE, and FRED COPE for appellants.

K. C. WILLIAMS and G. C. ALLEN for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

On March 18, 1926, James K. O'Neal died. Later an administrator was appointed, to whom Joe C. Stidham and his wife, Nancy Stidham, presented a bill for $1,300 for balance alleged to be due them for board, lodging, washing, and ironing for O'Neal for eight years; the administrator declined to pay it, they sued thereon, were unsuccessful and have appealed.

O'Neal was an herb doctor who engaged in the preparation and sale of his products in the neighborhood of the Stidhams and had for a number of years boarded with an uncle of Joe C. Stidham.

In February, 1918, he came to live with the plain-

tiffs under an agreement, proven by their son, to make his home there and to pay them what was reasonable. He was then 71 years of age, and was not related to the plaintiffs in any way. He made them some payments for which this son says he gave him credit showing dates and amount paid in a daybook he kept. These payments, the son says, amounted to about $200, but he was unable to give the exact sum or to produce this book because, as he testifies, he lost it and his other papers in the flood of 1927. This was probably the "Hazard Flood" mentioned in L. & N. R. Co. v. Hensley, 237 Ky. 224, 35 S. W. (2d) 279.

Anderson Henson, who lives about four or five miles from the plaintiffs, testified he had a conversation with O'Neal in which O'Neal told him he was making his home with Joe Stidham and that he asked O'Neal how much board he was paying and that O'Neal's answer was he had an agreement with Stidham to pay him along.

### The Alleged Defense.

The answer of the administrator consisted of a traverse, a plea which the trial court treated as a plea of payment, and a plea of the five-year statute of limitations (Ky. Stats., sec. 2515). The answer was traversed by the reply.

Defendant's plea which the court treated as a plea of payment is in these words:

"For further answer defendant says that the deceased James K. O'Neal was an honest, industrious, frugal old man, who paid for his modest needs as he went along; that he boarded or stayed with various persons in the community where he worked, always paying such persons upon taking his leave."

This was insufficient, and if proper motion had been made should have been stricken for the reason given later relative to the evidence admitted in support of it. When the case is returned, if the defendant desires to file a direct plea of payment he may do so and plaintiffs may file such reply thereto as they desire.

### The Hospitality Act.

This case involves section 2178, W. Stats., the so-called "Hospitality Act," which was also involved in Kellum v. Browning's Adm'r, 231 Ky. 308, 21 S. W.

(2d) 459, in which case a careful and extensive review was made of the cases arising under this act, the distinction was pointed out between contracts implied in fact and contracts implied in law, directions given for computing the time of limitations, etc. There was no evidence that the contract sued on was not made, and if payment had been properly pleaded then there was nothing for the jury to pass on except the reasonable value of the services and whether or not they had been paid. The burden of proving payment is on the administrator. Kellum v. Browning's Adm'r 231 Ky. 308, 21 S. W. (2d) 459; Powell v. Swann's Adm'r, 35 Ky. (5 Dana) 1; Whitteker v. Holcomb, 177 Ky. 790, 198 S. W. 533.

Since death has closed the mouth of O'Neal and the law has closed the mouths of the Stidhams, there is little left by which payment can be shown except the financial status of the plaintiffs and of O'Neal.

### Reputation for Honesty.

"Although it has been variously held that the admissibility of evidence of the debtor's business habits is within the discretion of the trial court, and that evidence of the debtor's habit of promptness in paying his bills is admissible to show payment, the prevailing view is that such evidence is not admissible." 48 C. J. p. 721, sec. 252.

Such evidence was admitted in these cases: (1833) Leiper v. Erwin, 5 Yerg. (13 Tenn.) 97; (1877) Orr v. Jason, 1 Ill., App. 439; (1844) Waugh v. Riley, 8 Metc. (Mass.) 290; (1929) Waterman v. Miller, 178 Minn. 90, 225 N. W. 918.

Such evidence was held not admissible in these cases: (1857) Doak v. Curry, 4 Pittsb. Law Leg. J. O. S. 829; (1861) Strong v. Slicer, 35 Vt. 40; (1864) Abercrombie v. Sheldon, 90 Mass. (8 Allen) 532; (1894) Martin v. Shannon, 92 Iowa, 374, 60 N. W. 645; (1898) Fletcher v. Dulaney, 1 Ind. T. 674, 43 S. W. 955; (1899) Rosencrance v. Johnson, 191 Pa. 520, 43 A. 360; (1893) Parker v. Parker, 52 Ill. App. 333.

In Xenia Bank v. Stewart, etc., 114 U. S. 224, 5 S. Ct. 845, 849, 29 L. Ed. 101, the court said in excluding such evidence:

"It is common for both solvent and insolvent men

to pay some of their debts and to leave some unpaid."

Living in their home as long as he did, the Stidhams of course learned to know O'Neal and his business habits, and the fact that he always paid his debts or was an honest man may have been the very thing that lulled them into inaction, and the man's reputed honesty and feebleness of age may have furnished the very reasons operating on their minds to allow the debt to remain uncollected. Not a witness says the services were not rendered or that the sum demanded is unreasonable, and under the circumstances, evidence that O'Neal was honest, that he paid his other bills as he went along and had paid others when he boarded with them, should not have been admitted, as those very things, that very reputation, may have been the very cause of these people keeping him on, as they did.

### Economic Status of Parties.

The court erred in refusing to permit the plaintiffs to show the financial condition of O'Neal. The court should admit evidence of what O'Neal had, what income he had, and what his needs were. It is said in brief he had some money on time deposit, the court should admit evidence to show how much he had, what the earnings of it was, as well as his other money or earnings of every kind, and what he did with it.

In like manner the court should admit evidence concerning the property, earnings, needs, etc., of the plaintiffs. See sec. 250, p. 720, 48 C. J. The admissibility of such evidence as this is a much-mooted question. It is well discussed in the note following Coulter v. Goulding, Adm'r, 98 Minn. 68, 107 N. W. 823, in 8 Ann. Cas. 778. See, also, 11 Ann. Cas. 109, note. The most potent argument against it is that it may cause a jury to find a rich debtor had paid his debt and a poor debtor under the same circumstances had not paid, or that a rich creditor had not collected his bill and a poor creditor had; whereas, it is well known that most wealthy persons are close collectors, that being often the reason they are wealthy. The Supreme Court of the United States holds such evidence inadmissible. See Xenia Bank v. Stewart, 114 U. S. 224, 5 S. Ct. 845, 29 L. Ed. 101. A poor man would perhaps be compelled to pay promptly; whereas, a richer man's bills would be allowed to run on uncollected.

This court, however, is committed to its admissibility. See Poston v. Smith's Ex'r, 8 Bush (71 Ky.) 589. Also, Marshall v. Marshall's Adm'r, 12 B. Mon. (51 Ky.) 459.

## Hearsay Evidence.

No part of the evidence of S. J. Cockrell relative to why he did not pay this claim, or what he had heard about it, what he thought about it, whether or not it had been properly proven, whether he thought it just or unjust, what the rumor in the community was, what he had been advised by his attorneys, what his indorsement on the claim was, or what he thought about the claim, should have been admitted. Nor should the court have admitted evidence about the habits of O'Neal in paying other people, nor should the court have allowed witnesses to say that they had never heard of O'Neal owing anything except what he paid, or that they had never heard of this claim until O'Neal died.

## Payments.

The evidence shows that $200 has been paid on this account. The presumption will be that that sum and any other sums that may be shown to have been paid were paid on the older items of this account and should be so applied. See Sternberger v. Gowdy, 93 Ky. 146, 19 S. W. 186; Brown's Adm'r v. Osborne, 136 Ky. 456, 124 S. W. 405; 48 C. J. p. 657, sec. 111.

## Limitations.

Each year's board and lodging of O'Neal constituted a separate cause of action, thus in February, 1919, the Stidhams had a claim against O'Neal for one year's service upon which the statutes of limitations then began to run. See Kellum v. Browning's Adm'r, 231 Ky. 308, 21 S. W. (2d) 459. Thus in the face of that opinion and of the plea of limitations here, no recovery can be had by the Stidhams for any services rendered previous to February, 1923, which matured in February, 1924.

All other questions are reserved.

The judgment is reversed.