## Stidham et ux. v. O'Neal's Adm'r.

(Decided Feb. 21, 1936.)

THOMAS T. COPE and J. L. STIDHAM for appellants.

WILLIAMS & ALLEN for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is the second appeal of this case to this court. Our first opinion was rendered in one of the same style reported in 245 Ky. 667, 54 S. W. (2d) 54. It states the facts constituting the foundation for the litigation and which need not be repeated here. It is disclosed therein that the litigation was instituted by appellant J. C. Stidham and his wife against the administrator of James K. O'Neal to recover $1,300 alleged balance due them for board, lodging, etc., rendered to O'Neal during his lifetime for a period of eight years prior to his death, and which services were rendered at his request and for which he agreed and promised to pay plaintiffs. At the first trial of the action there was a verdict in favor of the defendant, followed by a judgment dismissing the petition; but it was reversed in the referred to opinion for errors therein set out. After the filing of the mandate in the trial court, a second trial was had therein at a special term of the Breathitt circuit court, which convened on the 20th day of May, 1935. Prior thereto, and following the filing of the mandate, some amended pleadings were filed conforming to our first opinion. The trial of the case, which began on the first day of that special term, again resulted in a verdict for defendant, and plaintiffs' motion for a new trial having been overruled, they prosecute this appeal re-

lying for a reversal on a number of alleged errors, but we are precluded from considering any of them that are founded and based upon the evidence offered, heard, or rejected, for reasons hereinafter stated. All other errors, not emanating from such source are clearly without merit and are not seriously pressed on this appeal.

After perfecting this appeal in this court, appellee's counsel entered motion to strike the bill of evidence and the bill of exceptions from the record because not filed in time. That motion was passed to a hearing upon the merits, and it presents the first question for our determination. If it should be sustained (and we have concluded that it should be), then there is nothing left for our consideration except the question of whether the pleadings in the cause support the judgment, and which practice has so universally been followed and has become so thoroughly established as not to require a citation of our cases so holding, but the cases hereinafter referred to constitute part of them.

On the fourth day of the special term, and after the verdict had been returned and judgment rendered dismissing the petition, plaintiffs filed their motion for a new trial which was overruled twenty days thereafter, or on the twenty-fifth day of that term, and in the same order plaintiffs were given "until 8th day of (regular) July Term in which to prepare and file his (their) Bill of Exceptions." That (July) term of the court began on the second Monday of that month and continued twenty-four judicial days. On its eighth day an order was made (but upon whose motion, if any one, does not appear) extending the time within which the bills might be filed until the 12th day of August, which was the twentieth day of that term. Four days thereafter and on the twelfth day of the regular July term (and on the twentieth day of that month) that purported extending order was set aside and held for naught upon the stated grounds that it was entered by mistake or oversight and without directions of the court to do so. No objections or exceptions were taken to that order setting aside the previous one, and no effort thereafter was made to nullify or in any manner dispense with it. Giving to it its proper verity, and in the absence of any attempted

manifestation of error on the part of the court in entering it (the one setting aside the extending one and holding it for naught), we are compelled to determine the question as though no second extending order had ever been entered.

In an effort to sustain the motion to strike, appellee's counsel argue (a) that the word "until" as contained in the phrase of the first extending order "until 8th day of July term" for filing bills of exceptions and evidence, excluded the eighth day of that term and had the effect to terminate the extended period at midnight of the seventh day of the term, and (b) that if mistaken in argument (a), then under the facts of the record as above recited the tendering and filing of the exceptions on other days following the annulling order referred to was too late and that their motion to strike should prevail.

That the argued effect of the word "until," as measuring time within which the performance of an act shall be made, is the correct one in some instances is clearly shown to be true by an extended annotation to the case of Henderson v. Edwards, an Iowa opinion reported in 191 Iowa, 871, 183 N. W. 583, 16 A. L. R. 1090, the annotation beginning on page 1094. In subsection II of the annotation the effect of the word as measuring the "time for performance of acts connected with conduct of suit," is elaborately discussed and it is shown that an overwhelming number of courts construe it as including the day to which the extension is made and that "the numerical weight of authority holds that the word is inclusive when used under such circumstances. This ruling seems to be in accord with the popular understanding, for if one is given until a certain day to file a pleading, the average man would assume that filing it on that day would suffice." Among the states whose courts adopt and apply that rule, in the construction of court orders such as the one now under consideration, are Georgia, Kentucky, Maryland, Missouri, Montana, New York, Texas, Washington, Wyoming, and also the English courts; although five states—Alabama, Illinois, Indiana, Iowa, and Kansas—approve a different rule whereby the day to which the word "until" applies is excluded from the calculation.

Among the Kentucky cases cited in the annotation as supporting the rule of including the day referred to are: Meadows v. Campbell, 1 Bush, 104; Louisville & N. R. Co. v. Turner, 81 Ky. 489; Nance's Adm'r v. N. N. & M. V. R. Co., 17 S. W. 570, 13 Ky. Law Rep. 554, 555; N. N. & M. V. R. Co. v. Thomas, 96 Ky. 613, 29 S. W. 437, 16 Ky. Law Rep. 706. Later ones in which the same interpretation was made are: Nave v. Riley, 146 Ky. 276, 142 S. W. 388, and Bullitt County v. Galion Iron Works & Manufacturing Co., 192 Ky. 803, 234 S. W. 609. Such extending orders usually state that the extension is made "until and including" the named day, and when so phrased, there can be no question as to its meaning. However, the majority rule gives the extending order the same effect whether it contains the words "and including" or not, and which is done because it is "in accord with the popular understanding, for if one is given until a certain day to file a pleading, the average man would assume that filing it on that day would suffice." We, therefore, conclude that argument (a) is without merit.

However, argument (b) appears to be sound and its upholding inescapable. Our opinions, without a single dissent, have construed the practice as outlined in the Code provisions, prescribing therefor, to be mandatory in the absence of some valid reason or excuse for a failure to follow them. There is none attempted to be shown here. If the order of the trial court in this case setting aside and nullifying the second extending order four days after it was made had been objected to and any reason shown why it should not be entered, or pointing out any error of the court in making it, so as to authorize us to review its action in that regard, we would then be in position to correct his action if found to be erroneous. But, as we have seen, no objection or exception was made to that nullifying order of the second extending one, and since it is recited therein that the latter was entered through mistake and oversight and without the directions of the court to make it, we are compelled to accept such recitations as true. When done, it clearly appears that the second extending order was never in fact directed by the court to be entered, either on its own motion or that of appellants. If no

such motion or order was ever made, then the time under the prevailing rule, supra, in this jurisdiction expired at midnight on the 8th day of the regular July term, 1935, of the Breathitt circuit court within which plaintiffs might file their bills of evidence and exception, but which was not done until long after such expiration. The motion to strike them from the record is therefore sustained, and which, as we have hereinbefore stated, leaves only the sufficiency of the pleadings to sustain the judgment. Their sufficiency for that purpose is not questioned, nor does counsel for appellants make any response in this court to the motion which we have sustained.

Wherefore, for the reasons stated, the judgment is affirmed.