CASE 26.—PERSONAL INJURY ACTION BY SHELBY J. MOR-
       RIS AGAINST LOUISVILLE & ATLANTIC COAL
       CO.—February 24.

## Louisville & Atlantic Coal Co. v. Morris

Appeal from Muhlenberg Circuit Court.

W. P. SANDIDGE, Circuit Judge.

Judgment for plaintiff.   Defendant appeals.—Affirmed.

1. Exceptions, Bill of—Failure to File in Time—Filing Nunc Pro
   Tunc.—The provisions of the Code as to the time for filing
   bills of exceptions are mandatory, and where a party failed
   to file his bill of exceptions, or to procure an extension of
   time within which to file it, at the term of court when the

Louisville & Atlantic Coal Co. v. Morris.

judgment was rendered and the motion for a new trial over-
ruled, the court had no power thereafter to enter a nunc pro
tunc order permitting it to be filed.
2. Appeal and Error—Record—Absence of Bill of Exceptions.—
Where there is no bill of exceptions properly before the court
of appeals, the judgment will be affirmed, where the pleadings
support the verdict.

BELCHER AND SPARKS for appellant.

POINTS AND AUTHORITIES.

1. (a) A peremptory instruction was proper. (1) Because ap-
pellee's injuries were caused by his violation of his contract with
the company.
2. Because the negligence of the appellant, if there were any,
was not the proximate or any cause of the accident.
3. The nunc pro tunc order of extension of time to file bill of
exceptions should have been entered. (Washington Life Ins. Co.
of N. Y. v. Menefee's Executor, 53 S. W. 260.)

R. Y. THOMAS, JR., for appellee.

We submit that the evidence and instructions of the court were
not made a part of the record by order of the court or otherwise,
and in the absence of a bill of exceptions this court can not inquire
into the evidence or the correctness of the instructions. (Meaux
v. Meaux, 81 Ky. 476.)

OPINION OF THE COURT BY JUDGE LASSING—Affirm-
ing.

While engaged in digging coal at the mine of appel-
lant, appellee, Shelby J. Morris, was injured by hav-
ing a lot of coal fall upon his body and leg, inflicting
severe and painful injuries, to recover damages for
which he instituted a suit against appellant coal com-
pany, alleging that his injuries were due to the negli-
gence and carelessness of appellant in not furnishing
him a reasonably safe place in which to work, in that
a portion of the floor of the room of the mine in which

he was laboring was covered with water; that he requested the mine boss to have the ditch dug and the water withdrawn from the room; that the mine boss directed him to return to work, and that his request would be complied with; that he did so, and while attempting to undermine a "standing shot" of coal he received the injuries complained of; that the presence of the water prevented him from discovering the dangerous condition of the coal, and was the direct cause of the injury. The answer placed in issue every material allegation of the petition, and, in addition, pleaded contributory negligence. This plea of contributory negligence was denied, and upon the issue thus joined the case went to trial before a jury, which returned a verdict in favor of plaintiff for $850.

The company appeals and assigns, as reversible errors: First, that a peremptory instruction should have been given, because appellee's injuries were shown to have been the result of a violation of his contract with the company; and, second, that if the company was guilty of any negligence, it was not the proximate cause of the injuries. For appellee it is urged that there is no bill of evidence and exceptions in this case which can be considered by the court, and that the trial court was without power and authority to enter the nunc pro tunc order showing the extension of time within which to file the bill of exceptions and evidence.

We will first determine as to whether or not there is a bill of evidence in this case which we can consider. The judgment was rendered on the 23d day of January, 1908, and the bill of evidence was not tendered or filed in court until on the 18th day of September, 1908. No order was made granting an extension of time within which the bill of evidence and

exceptions might be filed. Realizing the gravity of the situation in which appellant is placed, its counsel attempts to cure the defect by having a nunc pro tunc order entered based upon the affidavit of the clerk to the effect that appellant's counsel, at the term when the motion for a new trial was overruled, stated that he would try to, but was not sure he could, prepare his bill of evidence in time to present it to the court at that term, and if he found that he could not he would want an extension of time; and the clerk also stated that he was of the opinion that no order was necessary in the case, as it was practically understood that the bill was to be prepared and tendered at that term of court, and if it could not then the time was to be given. The trial judge was evidently of the opinion that he had tacitly agreed to give to appellant such time as was necessary, or until a day in the succeeding term, to prepare and tender his bill, and he accordingly entered the nunc pro tunc order permitting the bill tendered to be filed.

In the case of Phillips v. Beattyville Mineral & Timber Company, 100 S. W. 244, 30 Ky. Law Rep. 1102, this court held that, even though a bill of evidence and exceptions had been filed with the clerk within the time given by the court, nevertheless it could not be considered unless it was tendered in open court; and in the case of Nickell v. Charles Hurst, 93 S. W. 1043, 29 Ky. Law Rep. 492, where the bill had not been filed within the time as fixed by an order, it was held that the court had lost power and control over the bill or right to consider same when presented after the time fixed. In other words, in each of these cases it was held that the provisions of the Code in this particular are

mandatory, and that if a bill is not tendered within the time prescribed by the Code the party offering same would, upon appeal, be deprived of the right to use or have considered here any of the errors complained of in either the evidence or instructions.

Applying this principle to the case at bar, we must conclude that the defendant, having failed to procure an order granting an extension of time within which to file his bill at the term of court when the judgment was rendered and the motion for a new trial overruled, lost his right, and the court was powerless to enter the nunc pro tunc order for the purpose of curing this defect in the record. This identical question was decided in the case of Vandever v. Griffith, 59 Ky. 425, and again in the case of Lynch v. Reynolds, 69 Ky. 547. In each of these cases it was held that the court was without authority to enter a nunc pro tunc order such as he undertook to enter in the case at bar.

With the bill of evidence out of the case, the errors complained of cannot be considered, and, as the pleadings support the verdict, the judgment is affirmed.