## City of Catlettsburg v. May, et al.

(Decided October 20, 1910.)

### Appeal from Boyd Circuit Court.

Bill of Exceptions—Motion to File—Failure to Ask Extension of time.—At the first trial of this case the jury failed to agree. At the next term the jury returned a verdict for the plaintiffs for $200.00. Motion and grounds for a new trial were filed by defendant and time given until the tenth day of the next term which was Nov. 4th, 1909, to file bill of exceptions. On said day defendant tendered what was called a bill of exceptions which was turned over to counsel for plaintiff. No extension of time was asked or given. Subsequently plaintiff objected to the bill tendered which was merely the stenographers notes of the first trial. The court sustained the objection and gave until the 15th of November to prepare same, on which day a bill was tendered and allowed to be filed over the objections of plaintiff. Held there having been a total failure to tender the bill on November 4, 1909, and no extension of time given on that day, the court was without authority on a subsequent day to give time in which to prepare and file same.

L. T. AVERITT for appellant.

C. E. WHEELER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—
Affirming.

This action was instituted in the Boyd circuit court to recover of the defendant, the city of Catlettsburg,

damages for the wrongful flooding of appellees' lot by the city authorities. All of the material allegations of the petition were traversed by answer, and the case came on for trial before a jury at the January term, 1908, with the result that they were unable to agree upon a verdict and were discharged by the court from further consideration of the case.

Afterwards, during the January term, 1909, the case again came on for trial, and the jury returned a verdict in favor of the plaintiffs in the sum of two hundred dollars. At the same term motion and grounds for a new trial were properly filed, but were not disposed of by the court until the April term, 1909, when the motion was overruled and time given the defendant until the tenth day of the succeeding term of the court to prepare and file a bill of exceptions. On the 4th day of November, 1909, which was the tenth day of the succeeding term, the defendant tendered what was called a bill of exceptions, which was turned over to counsel for the plaintiffs. No extension of time was asked or given to complete the bill. Subsequently it appears that counsel for plaintiffs objected to the bill of exceptions tendered because it was not a bill of exceptions of the trial wherein the verdict was rendered, but was the stenographer's notes of the first trial wherein the jury disagreed. This fact was expressly admitted by the attorney for the defendant, as appears from the following recitation in the orders of the court: "It is agreed by the parties that the said bill so tendered does contain the evidence, objections and exceptions and the court's rulings thereon at the first trial and that same was made up from the stenographer's notes taken of the proceedings of the said first trial during the progress thereof and that the testimony or any part of the proceedings of the last trial, the one appealed from, was not taken down at the time by any stenographer and is therefore not included in the bill of exceptions so tendered." The court thereupon sustained the objection to the so-called bill of exceptions and gave defendant until the 15th day of November to prepare and tender a bill of exceptions. On the day named, a bill of exceptions was tendered and allowed to be filed over the objection of the plaintiffs. Prior to the submission of the case in this court the appellees entered a motion to strike the bill of exceptions from the record, and this motion was passed to be heard with the merits of the case; it it necessary, therefore, now to pass upon it.

We think the court erred in permitting appellant to file the bill of exceptions on the 15th day of November, 1909. On the 4th day of November the bill of exceptions was due, and none was tendered. We do not think the offer to file the evidence and procedure of the first trial constituted a tender of a bill of exceptions within the meaning of the Code. Undoubtedly, if upon the day the bill of exceptions is due the party in good faith tenders what he believes to be a bill of exceptions, he has, so far as he is able, complied with the order of the court, and the court will take time to consider it and allow amendments to conform to the facts; and this we have often construed to be a filing upon the day allowed by the order of the court. But that is not the question we have here. The counsel for defendant tendered into court what he knew was not a bill of exceptions of the trial in which was rendered the judgment of which he complained. His offer to file the stenographer's notes of the mistrial was as if he had made no tender at all. For all practical purposes he might as well have tendered the evidence and procedure of a trial had in another case.

There having been, then, a total failure to tender a bill of exceptions on the 4th day of November, 1909, and no extension of time given by the court on that day in which to prepare and tender one, it results that the court was without authority, on a subsequent day, to give time in which to prepare and file a bill of exceptions. The very question in principle which we have here arose in the case of Louisville & Nashville R. R. Co. v. Turner, 81 Ky. 490. In that case appellant was given time until the third day of the succeeding term in which to prepare and file a bill of exceptions. No notice was taken of the subject, or order made or asked for, extending the time to present and file the bill of exceptions until after the expiration of the third day of the term mentioned. On the fourth day of the term an order was made extending the time until the eighth day of the term to prepare and file the bill, and, after another extension, it was offered and filed. The court held that the circuit court was without authority on the fourth day of the term to extend the time in which to file the bill, and struck the same from the record. On the authority of that case, and the cases cited in the opinion therein, we must therefore sustain the motion to strike the bill of exceptions in this case from the record, and it is so ordered.

As the petition states a cause of action, it results that the pleadings support the judgment, and it is, therefore, affirmed.