## Nave v. Riley.

(Decided January 18, 1912.)

Appeal from Daviess Circuit Court.

1. Bill of Exceptions—Failure to Tender or File in Time Allowed— Effect of.—The rule of practice has been settled in numerous cases that when time is given to a day certain to prepare and file a bill of exceptions, it must be filed or tendered on or before that day, unless on or before that day the time in which it may be filed is extended; and, a bill of exceptions that is not filed in time, will be stricken from the record upon motion of the appellee.

2. Instructions Contained in Transcript—Practice.—Instructions that are incorporated in the transcript of evidence will be considered by this court, together with objections and exceptions thereto, when the transcript of the evidence is properly certified.

3. Same—Copied in the Record but not Identified by Order of Court—Practice.—When there is no bill of exceptions, but the instructions are copied in the record made by the clerk, but are not identified by an order of court as the instructions given, they will not be considered as a part of the record.

4. Action on Labor Contract—Pleadings—Sufficiency of—Damages.— In an action by an employe against the employer to recover damages for a breach of a contract for services, the petition should allege that the employe after the contract was broken, used diligence in seeking other employment, and failed to obtain it. A failure to so allege, entitles the employe to nominal damages only.

R. A. MILLER, C. S. WALKER for appellant.

L. P. TANNER for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The condition of this record makes it necessary to a correct disposition of the case that we should state quite fully the issues made by the pleadings.

Riley brought suit against Nave averring that on the 13th day of December, 1909, he entered into a written contract with Nave, by the terms of which Nave employed him to work in rehandling and prizing tobacco during the entire season required for that purpose and which would end on July 30, 1910. That he agreed to pay him for the services rendered sixty dollars a month for the whole of the time contemplated by the contract. That under the contract he commenced to work for Nave, and continued until March 13, 1910, when Nave repre-

sented to him that it was too early to begin prizing the tobacco and requested him to return to his home for four or five weeks, at the end of which time he could return to work, and that he would pay him such additional salary as would make it to his interest to temporarily quit. That relying upon these representations he returned to his home and waited until after the lapse of four or five weeks, when he called upon Nave to know when he should return to work and offered so to do. That Nave at first put him off by saying the tobacco was not ready for prizing, but promised to notify him later when he should return; and, on each time when he offered to return to work, Nave told him that he was not ready for him, and refused to permit him to work or pay him for the time lost. He asked judgment against Nave for sixty dollars a month from March 13, 1910, until August 1, 1910.

In the answer, Nave after traversing generally the averments of the petition, set up that on December 14, 1909, the following written contract was entered into between the parties:

"William Riley has this day hired John H. Nave to work for him at Lewisport, Hancock County, Ky., at a salary of $60 per month, payable at the end of each month, and the duties of said Riley are to receive, class, grade and handle tobacco for the said John H. Nave under his discretion. Each party to this contract reserves the right to concel the contract by giving to the other party three days notice."

He averred that under the contract he employed Riley to work for him at sixty dollars a month, and that he commenced on December 14th, and continued to work until the 12th of March, for which time Nave paid him the full salary. That on March 12th he notified Riley that he wished to terminate the contract, as he did not need his services any longer. He pleaded and relied on the stipulation in the contract that it might be terminated upon three days notice as a bar to any recovery. He further alleged that when the contract was so terminated, he said to Riley that he might need him later in the season, and if he did he would employ him and pay him for such work as he did at the rate he had been paid before. That afterwards, on June 5, 1910, he needed and requested Riley's services, but he refused to work for him, and did not work for him at any time after March 12th.

To this answer, Riley filed a reply in which he charged that the condition in the contract that it might be terminated upon three days notice was fraudulently inserted by Nave, and that he signed the writing with the condition therein as to the notice by mistake or oversight and without understanding that it gave to Nave the right to discharge him on three days notice. He denied that on the 12th day of March, or at all, Nave notified him that he wished to terminate the contract, or that he did not need his services any longer.

Afterwards, in an amended petition he averred that Nave practiced a fraud upon him in procuring him to sign the contract and in inducing him to sign the same with the condition therein in regard to terminating the contract, and averred that he would not have signed same except for the assurance made by Nave that he would not discharge him except in the event he failed to procure the tobacco.

To this pleading an answer was filed, controverting its averments; and further setting up that the only contract ever made in regard to the matters involved in this action between Riley and Nave was the contract of date December 4, 1909, pleaded in the answer.

To this answer no reply was filed, nor was a reply necessary as an issue had theretofore been formed and made as to the contract.

On December 21st and 23rd, 1910, motions and grounds for a new trial were filed. On February 27, 1911, the motion for a new trial was overruled, and the defendant was given "until the third day of the next May term of this court to prepare and file herein a transcript of evidence and bill of exceptions and carbon copy of same." Neither a bill of exceptions nor the transcript of evidence was tendered or offered to be held until the fifth day of the May term, when the transcript of evidence was filed over the objection of counsel for appellee. Nor was any order made on or before the third day extending the time in which either might be filed. The rule of practice has been settled in numerous cases that when time is given to a day certain to prepare and file a transcript and bill of exceptions, they must be filed or tendered on or before that day, unless on or before that day the time in which they may be filed is extended, and a bill of exceptions or transcript that is not filed in time will be stricken from the record upon motion of the appellee. City of Catlettsburg v. May, 140 Ky., 367.

On the day this appeal was called for submission in this court, a motion was made to strike "the bill of exceptions and transcript of evidence" from the record, and the motion was passed to be heard with the case on its merits. With the record in the condition noted the motion must be sustained and the transcript of evidence stricken from the record, so that, the only question before us, is, are the pleadings sufficient to support the verdict.

It is said, however, by counsel for appellant that we should consider the instructions because they are identified by an order of court and are a part of the record. It appears from an inspection of the record that the instructions, and the exceptions thereto, were copied in the transcript of the evidence made out by the official stenographer, and which was certified to as correct by the judge. We have ruled that instructions which are incorporated in the transcript of evidence will be considered by us, together with objections or exceptions hereto, when the transcript of the evidence is properly certified. SinClair's Admr. v. I. C. R. Co., 30 Ky. Law Rep., 1040; Postal Telegraph & Cable Co. v. Louisville Cotton Oil Co., 136 Ky., 843. But of course when the transcript of evidence, of which the instructions are a part, goes out, the instructions also go. There is no bill of exceptions outside of the transcript, which only contains the evidence and instructions, but the instructions are also copied in the record made out by the clerk. Just why the clerk copied them in the record is not apparent, as they were not presented in any bill of exceptions, nor are they in any way identified as the instructions that the court gave. Although it might be presumed that they were given by the court, the record does not show that they were. In this condition the instructions are not a part of the record and will not be considered by us. The situation is precisely the same as in Johnson v. Postal Telegraph & Cable Co., 20 Ky. Law Rep., 1822, in which we said:

"The clerk has copied into the record certain instructions and some other papers, but they are not identified in any way and we must presume in the absence of any showing to the contrary that the court properly instructed the jury."

The fact, however, that we can not consider the evidence or the instructions is not prejudicial to the rights

of the appellant upon this appeal, because the only ground for reversal urged or that could be urged is that the pleadings do not support the verdict. Upon this point the argument is made that it is necessary in an action by an employe against the employer to recover damages for a breach of a contract for services, that the petition should aver that the employe after the contract was broken used due diligence in seeking other employment, and failed to obtain it; and, it is said that as the petition was fatally defective in this particular, the judgment must be reversed. In Lewis v. Scott, 95 Ky., 484, we said upon this point:

"Therefore, in bringing his action, if he has been specially damaged, that is, fail to find employment, or finding it is not paid as much as he would have received for like services under the contract, then he must say so or be content with nominal damages only." Forked Deer Pants Co. v. Shipley, 25 Ky. Law Rep., 2299; Bridgeford & Co. v. Meagher, 144 Ky., 479.

If the plaintiff in an action of this character desires to recover the contract price, he must aver in substance, that after his discharge he sought diligently to procure other employment and failed to do so, otherwise he will be entitled only to nominal damages. But we do not think this rule applies to a state of facts such as the plaintiff set out in his petition. The substance of the petition is that on March 13, Nave told him to return to his home for a few weeks when he would again need his services, and that he continued to hold himself in readiness to fulfill the contract, but that Nave did not call on him to do so. In other words, under the contract as set out in his petition, Riley was not discharged from the service, but was told to be in readiness to perform the labor contracted for whenever Nave called on him, which he would do in about four weeks. This being so, it was the duty of Riley at all times to hold himself in readiness to obey the request of Nave and to come to his service when he needed him. Under these circumstances he could not well seek or accept other employment, as he was under a duty to hold himself in readiness to go to Nave whenever Nave called on him. We think the petition stated a good cause of action, and was sufficient to support the verdict, which was for the amount of the contract price, deducting therefrom the four weeks during which Riley was to remain at home waiting for the call to return to work.

Wherefore, the judgment is affirmed.