## Lowe v. Taylor.

(Decided November 17, 1916.)

### Appeal from Pike Circuit Court.

1. Appeal and Error—Bill of Evidence—Presumption That Evidence Supports Judgment.—Where the evidence heard by the lower court is not brought up, by bill of exceptions or otherwise, on appeal, the appellate court will presume that it supports the judgment rendered; and in the absence of any part of the evidence, the Court of Appeals will not, on appeal, consider any question relating to the testimony offered or introduced on the trial.

2. Ejectment—Rights of Purchaser in Action of—Habere Facias.—A purchaser from the successful plaintiff in an action of ejectment, it not appearing that the unlawful holder of the land was in such possession of it as to make the purchase champertous, is entitled to all the rights of that plaintiff, including a writ of possession, in all respects as the plaintiff would have been.

3. Continuance—When Refusal to Grant Not Abuse of Discretion.—On a motion for a writ of habere facias, where the record shows that the defendant had, under notice of the motion, two weeks

to prepare for trial, no diligence being shown in trying to procure the attendance of absent witnesses, and where he was given permission to read the affidavit filed in support of his motion for a continuance as the depositions of the absent witnesses, and it not being made to appear in the affidavit or otherwise that the full benefit and effect of the witnesses' testimony could not be had in that way, the court's refusal to grant a continuance was not an abuse of discretion, hence was not error.

4.    Continuance—Affidavit for—Sufficiency.—Where the affidavit filed in support of a motion for a continuance, in a hearing on motion for a writ of habere facias, stated the loss of the original record but does not show that a diligent search had been made for it or that any effort had been made or would be made to supply it, it was not error for the court to refuse the continuance.

CLINE & STEELE for appellant.

J. W. YORK and J. P. HOBSON, JR., for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the Pike circuit court awarding Helen Leslie & Company, grantee of Elkanath Taylor, a writ of *habere facias possessionem* for a tract of land in Pike county, particularly described in the judgment and writ. It appears from the record that the land referred to was recovered of Lowe by Taylor in an action brought by the latter in the Pike circuit court in 1907; the judgment establishing his ownership thereof and directing the issual of a writ of *habere facias possessionem* therefor being rendered at the October term, 1907, of that court.

On January 21, 1911, Taylor sold and by deed conveyed the land to Helen Leslie & Company. On October 11, 1915, Helen Leslie & Company, after due notice to Lowe, entered a motion in the Pike circuit court that the case be redocketed and a writ of *habere facias possessionem* awarded them for the land. To this motion Lowe filed a response, denying the right of Helen Leslie & Company to the land and alleging that their grantor, Elkanath Taylor, following the entering in his favor of the judgment at the October term, 1907, of the Pike circuit court, caused to be issued the writ of *habere facias possessionem* thereby awarded him, which was placed in the hands of the sheriff of Pike county, who duly executed it by depriving him (Lowe) of the possession of the land and delivering it to Taylor; that immediately after the execution of the writ, Lowe, by

the payment to Taylor of a sum of money, the amount of which was not named, repurchased of him the land and was by Taylor again placed in possession thereof, which possession has since continued. It was further alleged in the response that at the time of the attempted sale of the land by Taylor to Helen Leslie & Company and of the execution of the deed by him to the latter, he (Lowe) was in the actual, adverse possession of the land, which was then known to Helen Leslie & Company, for which reasons the deed from Taylor to them was and is champertous and void. All affirmative matter of the response was controverted by reply. On the hearing of the motion the rights of the parties were determined by the judgment rendered, as previously indicated in the opinion.

It is insisted for Lowe: (1) That the circuit court was without authority to issue the writ of possession in favor of Helen Leslie & Company; (2) That the deed from Taylor to Helen Leslie & Company was champertous; (3) That the court erred in refusing him a continuance of the case.

The record does not contain, by bill of exceptions or otherwise, the evidence heard by the circuit court on the trial of the motion. We know, however, that evidence was introduced by each of the parties, for the judgment so declares. It is true there is in the record an affidavit filed by Lowe in support of his motion for a continuance, which names certain absent witnesses and purports to state certain facts to which it was claimed they would, if present, testify, and it is recited in the judgment that the continuance asked by Lowe was refused because the opposing litigants consented that the contents of the affidavit as to what the absent witnesses would testify might be read in evidence as their depositions, but it is not made to appear from the record that such contents of the affidavit were, in fact, read or considered read as evidence on the trial of the motion. Such being the state of the record, we must take it for granted that whatever conclusions of fact were arrived at by the circuit court were supported by the evidence, for it is a well known rule in this jurisdiction that where the evidence heard by the lower court is not brought up on the appeal, the appellate court will presume that it supports the judgment rendered in the court below; and an equally well known rule that in

the absence of any part of the evidence, this court will
not, on appeal, consider any question relating to the
testimony offered or introduced on the trial. L. & N.
R. Co. v. Finley, 86 Ky. 294; Harlan v. Howard, 79 Ky.
373; Brumley v. Nichols, etc., 29 R. 561; Duke's Adm'r
v. Kaelin, 28 R. 900; Dietz v. Barnard, 32 R. 1130;
Charles v. Hurley, 33 R. 78.

So in the absence from the record of the evidence
heard on the trial of the motion, we are justified in
assuming that it established, as found by the circuit
court, the following facts.

1.    The former writ of possession, awarded in the
case, was never issued, or if issued was not executed.

2.    That Lowe, after the rendition of the judgment
of October, 1907, did not purchase or otherwise acquire
from Taylor any title to the land or right to remain in
the possession thereof.

3.    That he had no such possession of the land at
the time of the execution of the deed from Taylor to
Helen Leslie & Company as made the latter's purchase
of the land or their deed thereto champertous.

With the foregoing facts thus established, it remains
to be determined whether the awarding and issuance of
the writ of possession was authorized by law. If Taylor
was entitled under the judgment of October, 1907, to
the immediate possession of the land and to compel its
surrender to him under the writ it awarded him, and
the writ was never issued, or if issued was not executed,
no reason is perceived for holding that it could not,
after his conveyance of the land to Helen Leslie & Com-
pany, be issued in his name for their use and benefit,
as was allowed by the circuit court in this case. In
Tribble v. Frame, 5 Litt. 187, the question involved was
whether Tribble could take possession of the land with-
out process, under a conveyance made of it to him by
one Smith, after Smith had obtained a judgment against
Frame for the possession of the land. In sustaining
Tribble's right to take possession of and hold the land,
we said:

"The deed which was executed by Smith evidently
conveyed all his right and title to Tribble; and by the
judgment against Frame, Smith is conclusively shown
to have been previously vested with the legal right of
entry. Tribble must, therefore, be acknowledged to
have held the legal right of entry; and as the holder of

that right might unquestionably, upon common law principles, lawfully enter and take possession."

To the same effect is Ball v. Lively, 4 Dana 369. In that case Charles Morgan, the plaintiff in ejectment, procured against the defendant a judgment of eviction, after which his agent sold the land to one Ball, which sale was ratified and confirmed after Morgan's death by his executor, who had authority to sell the land. By the purchase from Morgan's agent, Ball secured Morgan's title. It was held that Ball had the right to revive the judgment in the name of the executor and obtain a writ of possession for the land and that the eviction of Lively from the land by the sheriff and the delivery of the possession thereof to Ball by that officer under the writ of *habere facias,* to the extent of Morgan's recovery, was legal and rightful. We think it clear under the authority furnished by the two cases *supra,* that a purchaser from the successful plaintiff in an action of ejectment is entitled to all the rights of that plaintiff, including a writ of possession, in all respects as the plaintiff would have been.

There is here no question of limitations. The statute is not pleaded. By section 2514, Kentucky Statutes, an action on a judgment, or, where land was the thing recovered, a proceeding for its enforcement by writ of *habere facias* like that here instituted, may be brought or taken at any time within fifteen years after the rendition of the judgment, just as under section 401, Civil Code, an execution may issue on a judgment at any time before the expiration of fifteen years.

We find no merit in Lowe's complaint of the court's refusal to grant him a continuance. The record shows that he had, under the notice of the motion, two weeks in which to prepare for trial. No diligence was shown in trying to procure the attendance of the absent witnesses. Appellant was given permission to read the affidavit filed in support of the motion for a continuance as the depositions of the absent witnesses. Whether he did so or not, does not, as previously stated, appear from the record, but it was not made to appear in the affidavit or otherwise that the full benefit and effect of the testimony of the witnesses could not be had as well in that way, as by their presence in court and oral statements on the trial. While the affidavit also states the loss of the record in the original action of Elkanath

Taylor v. Dick Lowe, it does not show that a diligent search had been made for it, that there was any likelihood of its being found or that any effort had been made or would be made to supply it. We find no error in the refusal of the continuance, for there was no abuse of the court's discretion. As said in I. C. R. Co. v. Doss, 137 Ky. 659:

"It is a rule of this court not to interfere with the action of the trial court in the matter of granting or refusing a continuance, unless convinced that that. court has abused its discretion, and being unconvinced that there was in this case such an abuse of discretion, we are unwilling to say that the trial court committed an error in refusing appellant a continuance on account of the absence of the witness Murphy." Ind. Life Ins. Co. v. Williamson, 153 Ky. 818; City of Paducah v. Johnson, 29 R. 532; L. & N. R. Co. v. Bryant, 142 Ky. 159.

No legal cause is shown for disturbing the judgment awarding the writ of possession and it is, therefore, affirmed.