## Miller v. Commonwealth.

(Decided April 24, 1917.)

### Appeal from Letcher Circuit Court.

1. Criminal Law—Change of Venue.—The trial court is without authority to grant a change of venue, unless the petition therefor is supported and corroborated by affidavits of at least two credible witnesses, as provided in section 1110 of the Kentucky Statutes.

2. Criminal Law—Continuance at Indicting Term.—In order to avoid a continuance, at the same term at which an indictment is returned, the Commonwealth's Attorney must admit as true defendant's affidavit as to what absent witnesses would say if present; but, at a subsequent term, in order to coerce a trial, the attorney for the Commonwealth need only admit that the absent witnesses, if present, would so testify.

3. Criminal Law—Review.—This court has no jurisdiction to review a decision of the trial court upon challenges to the panel and for cause, in a criminal case.

4. Criminal Law—Conspiracy—Evidence.—On the trial of one of three men who participated in the killing of a fourth, evidence of a statement made by another of the three before the killing, no conspiracy having been charged in the indictment and defendant

being in no way connected with it, was incompetent and was not cured by the court's admonition to the jury not to consider it unless they believed that the defendant and others were acting together at the time of the killing.

5. Criminal Law—Evidence.—The admission of incompetent evidence, where it does not appear that defendant could have been prejudiced thereby and the instructions do not authorize a conviction by reason of any of such evidence, will not authorize a reversal.

6. Criminal Law—Memorandum of Evidence by Juror.—A juror in the trial of a criminal cause made a brief memorandum of some of the salient points in the testimony of some of the witnesses, which he presumably had with him during the consideration of the case by the jury. There was no evidence that any use was made of the memorandum by the juror who made it or by any other of the jurors, and there was nothing in the memorandum that was not warranted by the evidence. Held, that in the absence of the testimony heard by the lower court concerning the question, this of itself was not such misconduct as would authorize a reversal.

7. Criminal Law—Instructions.—The instructions were not copied into the bill of exceptions, but were therein referred to by number, as copied into the bill of evidence, where they were set out in full. Both the bill of exceptions and the bill of evidence had the examination and approval of the trial court endorsed thereon. Held, that the instructions were sufficiently authenticated and identified and were properly before this court for consideration upon appeal.

8. Criminal Law—Instructions.—Error in instructions, to authorize a reversal, must be prejudicial to the substantial rights of the appellant.

HAYS & NEWMAN for appellant.

M. M. LOGAN, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant was convicted, in the Letcher circuit court, of murdering E. W. Boggs, in the town of Jenkins, on the 26th day of November, 1916, and his punishment fixed at confinement in the penitentiary for life.

He seeks a reversal of that judgment upon the following grounds: (1) That the court erred in denying him a change of venue; (2) in overruling his motion for a continuance; (3) that the jury was improperly selected; (4) that incompetent evidence for the Commonwealth was admitted; (5) because of the alleged misconduct of

a juror; and (6) because of prejudicial error in the instructions.

1.   Appellant did not file, in support of his petition for a change of venue, any corroborative affidavits or evidence, and section 1110 of the Kentucky Statutes, which, pursuant to constitutional authority, provides how a change of venue may be obtained, requires that, to authorize the change, the petition therefor must be supported and corroborated by affidavits of at least two credible persons, without which the court is without authority to grant the change of venue.  Fitzgerald v. Com., 30 Ky. Law Rep. 349; Graham v. Com., 164 Ky. 317.

2.   At the next term of the court after Boggs was killed, the appellant having been arrested upon a warrant charging him with the crime and being in jail, an indictment was returned by the grand jury, charging him and Walter Stewart with having murdered Boggs.  Appellant then applied for bail, which, upon hearing, was refused.

Thereafter, at the same term of court, another indictment was returned by the grand jury, charging appellant, Walter Stewart and John Horn with the crime.  No bench warrant was issued upon this second indictment, and appellant claims not to have known of its existence, until the next regular term of the court, when he was arraigned for trial upon the second indictment.  He then moved for a continuance and, in support thereof, filed an affidavit of what certain absent witnesses, subpoenaed in his behalf, would testify.  The attorney for the Commonwealth then consented that, subject to exceptions for incompetency and irrelevancy, the affidavit might be read as the testimony of the absent witnesses, and the court overruled the motion for a continuance, to which the defendant excepted.

Upon the trial, such parts of the affidavit as were competent were read as the evidence of the absent witnesses, on behalf of the defendant, and he then moved the court that these statements of the absent witnesses be taken as true, which motion was overruled.

It is insisted that, since his motion for bail was made upon the first indictment and he had no knowledge or information about the second indictment until his case was called for trial, at the April term of court, when he was required to stand trial upon the second indictment, the April term of court was the appearance term,

in so far as the second indictment was concerned, and should be regarded as the term at which the indictment was found, upon his motion for a continuance. This contention, however, cannot be sustained, because the indictment was not found at the April term of court, but was returned at the January term, and the Commonwealth is required to admit as true defendant's affidavit as to what absent witnesses would say if present, in order to avoid a continuance, only at the same term at which the indictment is found. Section 189, Criminal Code.

At a subsequent term, in order to coerce a trial, the attorney for the Commonwealth is required to admit only that the absent witnesses, if present, would so testify. This was done, and appellant was permitted to read this affidavit, as the testimony of the absent witnesses, in so far as same was competent, and the court did not err in overruling the motion for a continuance.

3. The regular panel was exhausted before a jury was obtained, and five vacancies were filled by bystanders. Section 281 of the Criminal Code denies to this court jurisdiction to review a decision of the trial court, in a criminal case, upon challenges to the panel and for cause, and we are without authority to review the action of the court upon such matters, and, hence, we cannot order a reversal upon that ground. Curtis v. Commonwealth, 110 Ky. 845; Powers v. Commonwealth, 114 Ky. 237; Hendrickson v. Commonwealth, 146 Ky. 742; Thurman v. Commonwealth, 154 Ky. 555.

4. The admitted evidence claimed to be incompetent was, the testimony of Henry Fox, that, upon the morning of the day of, and before, the killing, Walter Stewart said to the witness, in answer to a request to bring back a drink from Jenkins: "Well, I am going, but I don't know whether I will get back; that son-of-a-bitch officer arrested me several times and I don't know if I will get back." No names were mentioned; but the deceased was a deputy marshal of the town of Jenkins.

The indictment charged that appellant, Miller, Walter Stewart or John Horn, killed the deceased, by shooting him, and that the two defendants other than the one who did kill him were present, aiding and abetting the one who killed him, but that it was unknown to the grand jury which of the defendants killed the deceased and which two aided and abetted the one who killed him.

Defendant was tried separately, and this statement made by Stewart was clearly incompetent; nor was its incompetency cured by the admonition of the court to the jury, not to consider this evidence against defendant unless they believed from the evidence that Miller and Stewart were acting together at the time Boggs was killed, since no conspiracy is charged in the indictment; but we are unable to see how this evidence, though incompetent, could have been prejudicial, in any way, to the appellant, since he was in no way connected with it and his conviction was not authorized by the instructions, by reason of any statement or action of Stewart.

5.   I. N. Lewis, one of the jurors, during the progress of the trial made a very brief memorandum of some of the salient points in the testimony of some of the witnesses and, presumably, had this memorandum with him during the consideration of the case by the jury; and this is the basis of the charge of misconduct upon the part of one of the jurors.   There is no evidence in the record, that any use whatever was made of the memorandum by the juror who made it, or that any other of the jurors even knew of its existence, nor is there anything in the memorandum not warranted by the testimony of the witnesses.

We cannot see in what way appellant could have been prejudiced thereby, upon the record before us.   The evidence heard by the lower court upon that question, on the motion for a new trial, not having been copied into the record, we are, of course, unable to say whether or not, upon the evidence produced, the court's ruling was an abuse of the sound discretion vested in the trial court upon such question.

This court, in the case of Gipson v. Commonwealth, 133 Ky. 398, expressed its disapproval of the action of one of the jurors in writing out in the presence of the other jurors, after the jury retired to consider the case, the entire evidence, as he remembered it; but a reversal was not granted because thereof.   That was a much stronger case than this, because a juror, in the presence of the other jurors, wrote out, from memory, his recollection of the evidence, presumably to be considered by the jury as the evidence, whereas in this case the juror, solely for his own use, made, at the time the evidence was given, a brief memorandum, to enable him to remember the evidence given by each witness.   We do not

think that the judgment ought to be reversed for this reason.

6. The instructions are not copied into the bill of exceptions but they are therein referred to by number, as copied into the bill of evidence, where they are set out in full. The court examined and approved, by written endorsement, both the bill of exceptions and the bill of evidence, in each of which it is shown that appellant objected and excepted to the giving of all the instructions.

Appellee insists that the instructions are not properly before us; but this court has frequently held, where the bill of exceptions contains the instructions and the trial court has indorsed thereon his examination and approval, that the instructions, as copied, are sufficiently identified and authenticated, and, under such circumstances, they need not be included in a bill of exceptions. Nave v. Riley, 146 Ky. 276; L. & N. R. R. Co. v. Phillips, 148 Ky. 49; Postal Tel. Cable Co. v. Louisville Cotton Oil Co., 136 Ky. 843; Civil Code, section 335.

There were eight instructions, to which appellant objected and excepted, and it would extend this opinion some three or four pages to copy them herein, and we do not deem this necessary, especially since counsel for appellant has not suggested or pointed out wherein any of the instructions are prejudicial to him. We have read the instructions carefully, and while they are inaccurate in at least two respects, we do not think that they were prejudicial to appellant, since, in so far as they authorize a conviction and present his defense, they seem to be without serious fault.

For the reasons indicated, the judgment is affirmed.