## Leslie County v. Mary Hoskins and C. B. Hoskins, et al.

(Decided May 25, 1917.)

### Appeal from Leslie Circuit Court.

1. Schools and School Districts—School Funds—Action to Recover From Superintendent.—An action can not be maintained in the name of a county to recover money illegally appropriated by the Superintendent of Schools out of the school fund in the hands of the treasurer of the Board of Education of the county, but such actions may be instituted and prosecuted by either the Board of Education of the county, or in the name of a tax payer for the use and benefit of such Board of Education.

2. Exceptions, Bill of—Time in Which May Be Tendered.—Where the trial court, at the instance of the appellant, allows time to

a day certain in the next succeeding term of the court in which to prepare and tender 'a bill of exceptions, and no bill is prepared or tendered within the time given, such bill will not be allowed or considered by this court even though filed at a subsequent day of the term to which such time was given.

3.   Appeal and Error—Exceptions, Bill of—Striking From Record.— Where a bill of exceptions for any reason is stricken from the record in this court, the only question remaining is, do the pleadings support the judgment?

4.   Schools and School Districts—School Funds—Board of Education. —Under subsection 9, of section 4426a, Kentucky Statutes, a Board of Education of the county has no authority to appropriate money in the hands of its treasurer to pay expenses previously incurred by the county superintendent in the exercise of official duties.

J. B. MINAIRD for appellant.

C. W. HOSKINS and C. K. CALVERT for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON.—Affirming.

This action was instituted by the county attorney of Leslie county, in the name of Leslie county, against Mary Hoskins and the sureties on her official bond, as superintendent of public schools of that county, charging that during her incumbency in office she illegally collected and appropriated four hundred dollars of money belonging to the school fund of that county, and seeking to recover said sum on her official bond. This four hundred dollars was allowed by her by the board of education of the county on a claim for expenses which she had incurred. Her salary at the beginning of her term was fixed at six hundred dollars per year, and had been paid at the time of this allowance.

It is the contention of the county that under section 157 of the constitution the superintendent, Miss Hoskins, was not entitled to make, take or appropriate this sum in the year 1913, the time it was allowed and paid, because the constitutional limit of debt had been reached and exceeded by twenty-nine hundred dollars before the allowance and payment of this claim; and, that, therefore, the attempted allowance was void and payment illegal, and that the county is entitled to recover this money back; and

It further contended that the salary of the superintendent having been fixed at six hundred dollars per year, and that sum having been paid by the county, and

accepted by the superintendent, she was not entitled to the additional sum paid from the school fund, and this sum having been wrongfully appropriated and paid to her, is recoverable back by the county.

The appellees, the superintendent and her bondsmen contend:

First. That Leslie county cannot maintain this action; and,

Second. That the appropriation was not illegal, but that under sub-section 6, of section 4399 of the Kentucky Statutes, she, as superintendent, was entitled to have her necessary expenses paid by the county board of education, and that this sum, four hundred dollars, was so appropriated, and not otherwise.

The case was tried before a jury, and at the conclusion of the evidence for plaintiff, the court, upon motion of defendants, gave peremptory instructions, directing the jury to find and return a verdict for the appellee, Miss Hoskins, and her bondsmen, and from this order and judgment the county appeals.

A motion was entered in this court, by the appellees, to strike the bill of exceptions and dismiss the appeal.

First: Because the bill of exceptions was not filed within the time given by the lower court, but was filed subsequent to the time reserved in the order allowing the filing although at the term fixed.

Second: Because the appeal was not filed in this court within the time allowed by law, but was delayed until after the third term of the convening of this court, after the granting of the appeal in the lower court.

The amount sued for being only four hundred dollars, it is insisted that the appeal should not be granted. While an appeal was granted below, one is also prayed in this court.

It has been repeatedly held by this court that where time is given to a day in a subsequent term to prepare and tender a bill of exceptions and no bill is prepared or tendered within the time given, the bill will not be allowed or considered by this court. Cases, City of Catlettsburg v. May, 140 Ky. 367, 131 S. W. 15; L. & N. Co. v. Turner, 81 Ky. 489, 5 R. 647; L. & A. Coal Co. v. Morris, 116 S. W. 330, 132 Ky. 223; Nave v. Riley, 146 Ky. 276, 142 S. W. 388.

An order was entered at the June term, 1915, giving appellant until the seventh day of the October term, 1915, in which to prepare and tender his bill of exceptions.

The time fixed expired on the 12th day of October, but the bill was not tendered or filed until the 19th day of that month, which was seven days after the expiration of the time allowed by the court in which to tender and file a bill of exceptions. It follows, therefore, that the motion to strike the bill must be sustained.

With the bill of exceptions out, we have one question only to be considered by this court—do the pleadings support the judgment? Combs v. Combs, 175 Ky. 523.

"In the absence of a bill of exceptions, the only question presented is, whether the pleadings support the judgment. Sandy Valley & Elkhorn Railway Company v. Moore, *supra;* Clark v. Wallace Oil Co., et al., 155 Ky. 836, 160 S. W. 506."

From a careful examination of the petition and amendments allowed and filed by the court, we conclude that the plaintiff, *if it had a right to sue,* stated a cause of action, but to this petition the defendant filed an answer traversing, in part, the allegations of the petition, and in a separate paragraph admitted that the defendant, Mary Hoskins, was allowed a claim for four hundred dollars for expenses incident to her office, as charged in the petition, but denied that the allowance was made in violation of section 157 of the constitution, and denied that she and her bondsmen were liable for said sum even though it was allowed in violation of said section of the constitution. In the recent case of Beauchamp, &c. v. Snider, et al., 170 Ky. 220, it was held that sub-sections 6 and 7, of section 4399, Kentucky Statutes, upon which appellees rely for authority to appropriate the money sought to be recovered in this action, confer no such power or authority, and the answer, therefore, presents no defense whatever, to the cause of action presented by the petition. It is there held that the county board of education has no right or authority to appropriate any of the school funds in the hands of the treasurer, for the payment of expenses of that officer, except where the expenses have been passed upon and agreed to by the board of education before they are incurred, and an appropriation of funds otherwise is unlawful. This allowance was made to Miss Hoskins on December 31, 1913, which was the last day of her term of office as county superintendent, and it is not contended that the allowance had been agreed to, allowed, or passed upon before the expense was incurred. This being true, the appropriation was illegal.

The defendants below, Miss Hoskins and her bondsmen, interposed a special demurrer to the petition and amended petition, on the ground that the plaintiff, Leslie county, had no right to maintain this action. The suit is styled "Leslie County against Mary Hoskins and Others." Under section 4426a, Kentucky Statutes, the board of education of a county has full charge and control of all moneys levied and collected for school purposes in the county, and the county superintendent is chairman, ex-officio, of the board of education, and is also treasurer of that board, and it is made the duty of the sheriff to turn over to the superintendent, as treasurer of the board of education, all moneys collected by him, going to the school fund; and, it is further provided that the county superintendent shall give special bond for the faithful performance of his duties with relation to such fund. The county board of education of Leslie county may commence and prosecute an action to recover money wrongfully paid out by the treasurer of that board, or money wrongfully appropriated, or money belonging to the fund wrongfully appropriated, may be recovered at the suit of a taxpayer of the county, but Leslie county, as an entity, does not have an actionable interest in the fund. It follows, therefore, that the circuit court should have sustained the special demurrer of appellees to the petition of the plaintiff. If the county board of education fails or refuses to institute an action for the recovery of the four hundred dollars sought to be recouped in this case, then a taxpayer of the county may institute such an action and obtain the relief sought upon proper showing. Beauchamp v. Snider, *supra*.

For the reasons indicated, the appeal is granted and the judgment is affirmed. But this does not prejudice the right of the board of education of Leslie county, or in case of its failure, the right of a taxpayer of that county, to institute and maintain a proper action to recover this fund.