## Bullitt County v. Galion Iron Works and Manufacturing Company.

(Decided October 21, 1921.)

### Appeal from Bullitt Circuit Court.

1. Exceptions, Bill of—Extension of Time to File.—Where the bill of exceptions is not tendered within the time granted for the purpose, the court is without power thereafter to file same or grant an extension of time for the purpose; and the same will be stricken from the record in this court upon proper motion.

2. Exceptions, Bill of—Pleading—Verdict.—With the bill of exceptions stricken the only question remaining is whether or not the pleadings support the verdict.

T. C. CARROLL, C. P. BRADBURY, J. F. COMBS and CHARLES CARROLL for appellant.

R. L. GREENE, BAGBY & HUGUELY, BEN CHAPEZE and GARNETT & VAN WINKLE for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

On April 25th, 1916, the fiscal court of Bullitt county contracted with the Galion Iron Works and Manufacturing Company for certain road machinery, agreeing to pay therefor the sum of $6,260.00. On June 15, 1916, the

claim of the company was presented to and allowed by the fiscal court and a voucher issued for the amount of same. Thereafter the county attorney prosecuted an appeal to the Bullitt circuit court from the order of the fiscal court allowing the claim. The trial in the circuit court resulted in a judgment for the company which, upon appeal to this court, was reversed in an opinion reported in 184 Ky. 805, 213 S. W. 200. Complying with that opinion the county attorney upon return of the case to the circuit court filed a petition alleging facts to show that the debt was illegal because at the time of its creation the court had already expended more than its income for that year. By answer the appellee traversed the material allegations of the petition and in addition specifically denied the validity of many items of expense set out in a statement alleged to have been filed as a part of the petition but which is not in the record. Thereupon the court upon its own motion appointed a commissioner to report fully upon the resources and liabilities of the county throughout the involved period. To this report the company filed exceptions attacking the validity of a sufficient number of the items of expenditures reported to show that the indebtedness of the appellee was legal if these objections should be sustained. Upon the issues thus joined the case went to trial before the court and much evidence was introduced.

The court in its judgment dismissing the appeal found as a fact that Bullitt county "did on April 25, 1916, have on hand sufficient assets and revenues collected and available to pay the claim and indebtedness of the appellee, the Galion Iron Works and Manufacturing Company, to-wit: $6,260.00," and it is from that judgment that this appeal is prosecuted.

Appellees have filed a motion in this court to strike from the record the bill of exceptions and transcript of evidence. The judgment was entered at the April, 1921, term of the Bullitt circuit court and appellant was given until the third day of the August term to prepare and present its bill of exceptions. The bill of exceptions was not presented on or before the third day of the August term nor was an extension of time for filing same asked or granted. On the 8th day of the term appellant presented its bill of exceptions and appellees objected to the filing of same, which objection was overruled and the bill ordered filed, to which appellees excepted.

Construing section 334 of the Civil Code this court has uniformly held that the bill must be tendered within the time allowed, unless before the expiration of that time an extension is granted by the court; and that the court is without authority after the expiration of the time granted to extend the time or permit the bill to be filed. L. & N. R. R. Co. v. Turner, 81 Ky. 489, 5 R. 542; Nave v. Riley, 146 Ky. 276, 142 S. W. 388; City of Catlettsburg v. May, 140 Ky. 367, 131 S. W. 15.

On the eighth day of the term when the bill of exceptions was tendered and filed the court caused the following order to be entered:

"On the second day of the present term the official stenographer reported to the court that her bill of evidence was complete and ready to be filed except being bound, and requested permission of the court to send it to a binder for that purpose, and was granted, but by oversight the court's attention was not called to the time given in which to file the bill of evidence and no order was entered extending the time of filing."

It is manifest that this order of the court does not help the matter in the least, since it but recites the fact that the bill of evidence was not tendered within the time originally allowed and that there had been no order extending the time for filing, which facts, as we have seen, left the court without power or authority to file same. It therefore results that the motion to strike the bill of exceptions from the record must be and it is sustained.

With the transcript of evidence stricken from the record the only remaining question is, are the pleadings sufficient to support the verdict? Nave v. Riley, *supra*.

That they are amply sufficient for that purpose is clear from the references heretofore made to same.

Wherefore, the judgment is affirmed.