## Nuckolls v. Illinois Central Railroad Company.

(Decided February 12, 1929.)

HENRY F. TURNER for appellant.

ROY M. SHELBOURNE and W. T. WHITE for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

J. R. Nuckolls sued the Illinois Central Railroad Company to recover damages for the destruction of his property. It was alleged that the railroad company had negligently set fire to his property. On a former trial plaintiff recovered a judgment, which was reversed by this court because of an error in the instruction on the measure of damages. Illinois Cent. R. R. Co. v. Nuckolls,

212 Ky. 564, 279 S. W. 964. The action was again tried and resulted in a verdict for the defendant, from which plaintiff has prosecuted the present appeal.

A preliminary question of practice is presented. The appellee has entered a motion to strike the transcript of evidence. The trial occurred on September 2, 1927, and a verdict was rendered for the defendant. The plaintiff filed a motion and grounds for a new trial, and four days later filed an amended motion and grounds for a new trial. The hearing on the motion and grounds for new trial as amended was continued until the January term, 1928, at which time it was overruled, and the plaintiff was given time, including the twelfth day of the April term of the Ballard circuit court, within which to tender a bill of exceptions. There is no bill of exceptions, but a transcript of evidence, entitled "Bill of Evidence—Bill of Exceptions No. 1," was certified by the official court stenographer on April 16, 1928, and examined and approved by the circuit judge on April 27, 1928, as appears from an indorsement thereon. There is no order of court showing the tender or filing of any bill of exceptions or transcript of evidence. The index to the orders, which is entitled "Bill of Exceptions No. 2," contains a notation of a "court order filing bill of exceptions, page 53," but there is no page 53 in the volume, and no such order appears on any page. The appellant, in a brief in opposition to the motion, makes an explanation of the situation, but does not contend that any order of court, tendering, filing, or approving the bill of exceptions, was ever entered. It has been the unbroken rule in this court that a bill of exceptions or transcript of evidence must be filed and identified by an order of court in order to become a part of the record on appeal. National C. D. of A. v. Polsgrove, 192 Ky. 495, 233 S. W. 1052; Life & Casualty Co. v. Hendon, 209 Ky. 771, 273 S. W. 469. When time has been given to file a bill of exceptions, it must be filed or tendered within that time. Leslie County v. Hoskins, 175 Ky. 821, 195 S. W. 142. But, if a party is unable to tender the bill within the time allowed, the court may extend the time, and the bill may be filed within the period of extension. Construing section 334 of the Civil Code of Practice, we have uniformly held that the bill of exceptions must be tendered within the time allowed, unless, before the expiration of that time, an extension of time is granted by an order of court; and the court is without authority, after the expiration of the time

granted, either to extend the time or to permit the bill to be filed. Bullitt County v. Galion Iron Works, 192 Ky. 803, 234 S. W. 609. These authorities are in point, but do not reach the exact situation here presented.

It would appear, from the certificate of the official stenographer and the approval of the circuit judge indorsed on the transcript, that the transcript was tendered in time; but there is no order of court tendering, filing, or approving it as a bill of exceptions, and the question is whether we may look to the certificates of the stenographer and approval of the judge, in the absence of an order of the court. A bill of exceptions may not be filed in the clerk's office, or signed and approved during vacation, nor can time therefor be extended in vacation. Forsythe v. Huey, 74 S. W.. 1088, 25 Ky. Law Rep. 147; Adkins v. Commonwealth, 102 Ky. 94, 42 S. W. 834, 44 S. W. 132, 19 Ky. Law Rep. 1300; Proctor Coal Co. v. Strunk, 89 S. W. 145, 28 Ky. Law Rep. 241. And it has been held that, where a bill of exceptions has been filed in time and the transcript of the evidence has not, the latter will not be considered. Knecht v. Louisville Home Telephone Co., 121 Ky. 492, 89 S. W. 508, 28 Ky. Law Rep. 456; Zehe v. City of Louisville, 123 Ky. 621, 96 S. W. 918, 29 Ky. Law Rep. 1107. It is the settled rule that the stenographer's transcript, approved by the court and filed for the purposes of the appeal by an order of the court, may be treated as a bill of exceptions when it contains all the essentials of a regular bill of exceptions. Louisville & Atlantic R. Co. v. Phillips, 148 Ky. 49, 149 S. W. 1105; Southern Ry. Co. v. Thurman, 76 S. W. 499, 25 Ky. Law Rep. 804; Gee v. Commonwealth, 178 Ky. 666, 199 S. W. 1051; Brewer v. Com., 188 Ky. 78, 221 S. W. 224; U. S. F. & G. Co. v. Travelers' Ins. Co., 167 Ky. 390, 180 S. W. 815; Graves v. Lyons, 166 Ky. 446, 179 S. W. 413. But where the bill of exceptions or transcript of evidence is not filed by an order of court, its identity is not established, and it may not be treated as a part of the record on appeal. Patrick v. Com., 213 Ky. 509, 281 S. W. 498; Holmes v. Robertson County Court, 89 S. W. 106, 28 Ky. Law Rep. 283; Proctor Coal Co. v. Strunk, 89 S. W. 145 28 Ky. Law Rep. 241. It follows that the motion of the appellant must be sustained, and the transcript stricken.

It is argued by the appellee that the only question before the court, with the transcript of evidence stricken, is whether the pleadings support the verdict and judg-

ment. Such is the general rule. Aud v. McAvoy, 177 Ky. 380, 197 S. W. 824; City of Jackson v. Moody, 177 Ky. 844, 198 S. W. 233. But the appellant insists that, notwithstanding the absence of the bill of exceptions and transcript of evidence, and the fact that the pleadings support the judgment, the court may nevertheless consider fundamental errors actually appearing in the record. It is true that the rule stated is subject to the limitation that, when the record shows a judgment or an instruction so palpably illegal and erroneous that no possible evidence that could have been introduced would have justified or sustained it, a reversal may be ordered, notwithstanding the presumption generally prevailing. Miller's Appellate Practice, sec. 65, p. 105; Johnson v. Louisville City Ry. Co., 10 Bush, 232; McAllister v. Connecticut Mutual Life Ins. Co., 78 Ky. 531; S. K. Jones Const. Co. v. Hendley, 224 Ky. 83, 5 S. W. (2d) 482; Johns Run C. Co. v. Little Fork C. Co., 223 Ky. 230, 3 S. W. (2d) 623.

Proceeding upon this exception to the general rule, appellant contends that the record properly shows that appellee filed an affidavit for a continuance which was knowingly false, and, having obtained a trial and verdict upon a false affidavit, a new trial should be granted. Louisville & N. R. R. Co. v. Scarbrough, 208 Ky. 79, 270 S. W. 494. It was held in the Scarbrough case that, if an affidavit for continuance is not based on facts, and the successful party knows that it is not, a verdict in his favor will be set aside because of such fraud. Appellant says that, relying upon this decision of the Court of Appeals, the affidavit was admitted as the deposition of the witness. It is not shown that the appellant was deceived. The affidavit related to the supposed testimony appellant's son would give, if present. He was present at the first trial, but did not testify, and the father apparently knew, at the time the affidavit was filed, that the son would not so testify. In any event, that assumption was not rebutted by any affidavit of the father. It could hardly be said that a party could admit an affidavit of what an absent witness would say, knowing it to be false, and then rely upon it as a ground for a new trial, when he was not in fact deceived.

But, however that may be, there are other obstacles in the way of appellant. It is not shown that the affidavit was read to the jury, or had any influence in bringing

about the result. If it should be presumed that the affidavit was used at the trial for the purpose of a deposition, as allowed by the order of court, yet the other presumption must prevail that there was ample evidence in the missing transcript, without the affidavit, to justify the jury in making the verdict. Aud v. McAvoy, supra. If the verdict was not illegal on its face or obnoxious to any principle of law or public policy, and could have been sustained by competent evidence, it will be presumed, in the absence of the evidence actually heard, that the testimony necessary to sustain the verdict was adduced. Lowe v. Taylor, 172 Ky. 275, 189 S. W. 204.

It follows that the record manifests no error available to appellant, and a new trial may not be ordered.

The judgment is affirmed.