## Ely's Adm'r v. Louisville & N. R. Co.

Feb. 14, 1939.

R. L. POPE and GEORGE R. POPE for appellant.

H. L. BRYANT, J. C. BAKER, H. T. LIVELY, ASHBY M. WARREN and J. WHITE MILLER for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

On the early morning of February 13, 1937, the dismembered and mutilated body of William Ely was found lying upon the main track of the appellee's railway. It is undisputed that deceased was, at the time he was struck by appellee's train and killed, using as a footway a short section of its road, lying in Harlan County, referred to in the record as having been constructed on a short segment of the old Redwine Trail.

This action was brought by the administrator of the deceased to recover damages for William Ely's death, upon the ground that at the time he was struck and killed by appellee's train, he was using its track, as an invitee or licensee, as a short route and passway to his home.

In support of such contention, he alleged in his petition, and introduced quite a volume of evidence in support thereof, that such was the status of the deceased when he was struck and killed by appellee's train by reason of the public having for years daily and habitually used as a foot way this section of the appellee's track in such large numbers as subjected it to an easement of public passway and served to convert the status of the deceased in his use of it, upon this occasion when killed, from that of a trespasser into that of an invitee or a licensee, to whom the company owed him, as such, the duty of using ordinary care to avoid injuring him, by keeping a lookout and giving warning, by proper signals, of the approach of its trains.

At the conclusion of plaintiff's testimony, the trial court directed the jury to return a verdict for appellee.

Appellant made timely objection to defendant's motion for a directed verdict and seasonable exception

was reserved to the court's ruling, in sustaining same and in dismissing his petition.

This appeal is prosecuted by Ely's Administrator, challenging the propriety of the trial court's ruling, in thus sustaining the defendant's motion for a directed verdict made at the conclusion of the introduction of plaintiff's evidence.

However, in view of the conclusion we have reached, that the trial court's judgment will have to be affirmed upon a question of practice, which is here presented and stands at the very threshhold of our consideration of this appeal, we deem it unnecessary to give a more detailed statement of the evidence introduced and relied on by appellant to establish his right to recover damages for Ely's death.

Appellee has filed a motion to strike the appellant's bill of exceptions and transcript of evidence on the ground that same were not filed within the time allowed for their preparation and filing and that therefore no bill of exceptions and transcript of evidence are now before us.

Turning our attention to a consideration and disposition of this question, it is disclosed by the record that the judgment in this case was rendered at the October term of the Harlan circuit court, on the 15th day of the term, which was October 20, 1937; that on the day following, appellant's motion for a new trial was overruled and the official stenographer given to a day including the 4th day of the next regular November term of court (which was November 25) in which to file a transcript of the testimony and appellant was given until the 11th day of the term (December 3, 1937) in which to prepare and file his bill of exceptions.

At the November term of the court, which began on the 4th Monday of November (November 22, 1937) and continued for 24 juridical days, the appellant appeared in open court on the 13th day thereof (December 6, 1937) or two days later than the 11th day of the court, to which time had been extended him in which to file his bill of exceptions, and moved for and was granted an extension of time in which to file his bill of exceptions and transcript of evidence to and including the 20th day of the November term (December 14, 1937) and to which order appellee at the time objected and excepted, contending same was a nullity, as the time for

filing the bill of exceptions (December 3) and the stenographer's transcript of evidence (November 25) had already expired when this motion for extension of time was made.

Appellant, by way of excusing his failure to file his bill of exceptions and transcript of evidence within the time allowed, filed with his brief the affidavit of the clerk of the court, in which he averred that on the 5th day of the November term of court, the court advanced all the cases set for the first two weeks of the term to the third week of the term and recessed during the entire second week of the term, which embraced the juridical days from the 7th to the 12th days inclusive of said court, and that no court during said period of time was held in which appellant could have filed transcript of evidence and bill of exceptions as directed by the court's earlier order and that the 13th day of the term (December 6, 1937) was the first day in which appellant or the official court reporter could have filed any pleadings or had any orders of the court after the 5th day of the term.

Appellant contends that under the circumstances shown by the clerk's affidavit, his failure to file his bill of exceptions and transcript of evidence, or to move for a further extension of time from the 11th day of the court, to which day he had been given time therefor, within which to file them was not due to any act or fault on his part, nor was it a matter over which he had any control and therefore, in moving for an extension of time on the 13th day of the term (the first day of the term after the court's recess) on which the court granted him to the 20th day of the term (December 14) he was within his rights.

Further, he insists that such being shown to have been the circumstances, his filing of his bill of exceptions on the 21st day of the term (December 15) was in point of fact filing within the eleven day period he states he was granted by the original order and should have the same effect in law as if actually filed on the day to which his time for filing was extended.

Without entering upon a discussion of this argument, or intimating an opinion as to or deciding the question so raised, it is sufficient to say that no shadow of an excuse existed for the appellant's later failure to file his bill of exceptions within the time given therefor

by the second extension or, if not in a position to file it on that day, to at least at such time have moved for yet a further extension of time during the term in which to file it, and appellant having failed to do either, we find no bill of exceptions in the record before us, leaving the situation the same here as was presented in the case of Fulks v. Isaacs, 224 Ky. 181, 5 S. W. (2d) 1039, 1040, and where, in considering this question, we said:

"When the motion for a new trial was overruled in this case, time was given the defendant until the fourth day of the next term of the court to tender his bill of exceptions and bill of evidence. On the fifth day of the next term the defendant produced and offered to file his bill of exceptions and bill of evidence. The time to file the bill was not extended. The bill was therefore not filed in time, and, being not properly filed, cannot be considered."

To like effect see the case of Bullitt County v. Galion Iron Works and Manufacturing Company, 192 Ky. 803, 234 S. W. 609, where this rule was re-announced as follows:

"Construing Section 334 of the Civil Code of Practice, this court has uniformly held that the bill must be tendered within the time allowed, unless before the expiration of that time an extension is granted by the court, and that the court is without authority after the expiration of the time granted to extend the time or permit the bill to be filed."

See, also, the case of Nuckolls v. Illinois Central Railroad Company, 227 Ky. 836, 14 S. W. (2d) 157, 158, where this rule was thus re-announced:

"When time has been given to file a bill of exceptions, it must be filed or tendered within that time. Leslie County v. Hoskins, 175 Ky. 821, 195 S. W. 142. But, if a party is unable to tender the bill within the time allowed, the court may extend the time, and the bill may be filed within the period of extension. Construing Section 334 of the Civil Code of Practice, we have uniformly held that the bill of exceptions must be tendered within the time allowed, unless, before the expiration of that time, an extension of time is granted by an order of court; and the court is without authority, after the expiration of the time granted, either to extend the time or to permit the bill to be filed."

820

Applying this procedural rule to the facts in the instant case, it follows there is left for our decision only the question, Do the pleadings support the judgment?

In answering this question, it is sufficient to say that the plaintiff by his petition sued for recovery of damages on the ground that the defendant and its agents had failed to exercise ordinary care in the operation of its train which struck and killed the deceased, while he was, as an invitee, using its track as a pathway. The answer denied that the deceased was an invitee or licensee upon its track at the time he was struck and killed by its train, and, on the contrary, alleged that he was a trespasser thereon, to whom no duty of maintaining a lookout or giving warning signals of the approach of its train was owing. Such being the issue joined by the pleadings and no evidence, tending to establish the plaintiff's claim that the deceased was an invitee or licensee at the time of the accident, being brought before us by any bill of exceptions, it clearly follows that the pleadings support the trial court's judgment.

Judgment affirmed.